1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, State Bar No. 257163
2   JOHN D. HAYASHI, State Bar No. 211077
    5 Park Plaza, Suite 1750
3   Irvine, CA  92614
    Tel:  949.399.7000
4   Fax:  949.399.7001
    email: cgonell@morganlewis.com
5          jhayashi@morganlewis.com

6
    Attorneys for Defendants
7   GAMESTOP CORP. and GAMESTOP, INC.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10  BRETT MCHORNEY and JORDAN          Case No. CV 09-02879 GHX (MANx)
    MAYER, individually, on behalf of
11  others similarly situated, and on behalf   **ANSWER OF DEFENDANTS
    of the general public,                     GAMESTOP CORP. AND
12                                             GAMESTOP, INC. TO
                    Plaintiffs ,               PLAINTIFFS' CLASS ACTION
13                                             COMPLAINT**
                         vs.
14
    GAMESTOP CORP., GAMESTOP,
15  INC., and DOES 1-10 inclusive,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    Defendants GameStop Corp. and GameStop, Inc. ("Defendants" or

2 "GameStop") answer the Class Action Complaint ("Complaint") of Plaintiffs Brett

3 McHorney and Jordan Mayer ("Plaintiffs") as follows:

4                              **PRELIMINARY STATEMENT**

5        1.    Answering paragraph 1 of the Complaint, Defendants admit that

6 Plaintiffs were at one time employed by GameStop, Inc.  Except as expressly

7 admitted, Defendants deny all remaining allegations contained in paragraph 1 of the

8 Complaint.

9        2.    Answering paragraph 2 of the Complaint, Defendants aver that the

10 allegations of the paragraph are legal conclusions which speak for themselves and

11 to which no answer is required.  To the extent that any allegation is not a legal

12 conclusion or argument, Defendants deny such allegations.

13       3.    Answering paragraph 3 of the Complaint, Defendants deny each and

14 every allegation contained therein.

15                                  **THE PARTIES**

16       4.    Answering paragraph 4 of the Complaint, Defendants lack specific

17 information sufficient to form a belief as to the truth or falsity of the allegation that

18 Plaintiff Brett McHorney resides in Palm Desert, California.  Defendants admit that

19 Plaintiff Brett McHorney was employed by GameStop, Inc. from approximately

20 July 2006 through approximately July 2008 in La Quinta, California, and then from

21 November 2008 to January 2009 in Palm Desert, California.  Except as expressly

22 admitted, Defendants deny all remaining allegations.

23       5.    Answering paragraph 5 of the Complaint, Defendants lack specific

24 information sufficient to form a belief as to the truth or falsity of the allegation that

25 Plaintiff Jordan Mayer resides in Newhall, California.  Defendants admit that

26 Plaintiff Jordan Mayer was employed by GameStop, Inc. from approximately

27 September 2003 through approximately August 2008 in Valencia, California.

28 Except as expressly admitted, Defendants deny all remaining allegations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                          1                 DEFENDANTS' ANSWER TO
                                                          PLAINTIFFS' COMPLAINT

1    6.    Answering paragraph 6 of the Complaint, Defendants admits that

2  GameStop Corp. is a corporation incorporated under the laws of Delaware, and that

3  its principal place of business is in the State of Texas.  Except as expressly

4  admitted, Defendants deny all remaining allegations.

5    7.    Answering paragraph 7 of the Complaint, Defendants admit the

6  allegations contained therein.

7    8.    Answering paragraph 8 of the Complaint, Defendants admit that in

8  October 2005 GameStop Corp. acquired the operations of Electronics Boutique

9  Holdings Corp.  Defendants admit that GameStop, Inc. presently operates retail

10  stores under the name "EB Games." Except as expressly admitted, Defendants aver

11  that the remaining allegations of the paragraph are legal conclusions which speak

12  for themselves and to which no answer is required.  To the extent that any

13  allegation is not a legal conclusion or argument, Defendants deny such allegations.

14    9.    Answering paragraph 9 of the Complaint, Defendants deny each and

15  every allegation contained therein.  Defendants further avers that Plaintiffs may not

16  maintain an action against "Doe" defendants and demands that the "Doe"

17  defendants be stricken.

18    10.    Answering paragraph 10 of the Complaint, Defendants deny each and

19  every allegation contained therein.

20                    **JURISDICTION AND VENUE**

21    11.    Answering paragraph 11 of the Complaint, Defendants admit Plaintiffs

22  purport to seek permission from this Court to represent a class of current and

23  former employees pursuant to the Class Action Fairness Act and purport to seek

24  relief in excess of $5,000,000.  Defendant further admits that the citizenship of

25  Plaintiffs is diverse from Defendants.  Defendants admit that GameStop Corp. is a

26  citizen of the state of Delaware and Texas and that GameStop, Inc. is a citizen of

27  Minnesota and Texas for diversity jurisdiction purposes.  Defendants aver that the

28  remaining allegations of the paragraph are legal conclusions which speak for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                        2                    DEFENDANTS' ANSWER TO
                                                           PLAINTIFFS' COMPLAINT

1   themselves and to which no answer is required.  To the extent that any allegation is

2   not a legal conclusion or argument, Defendants deny such allegations.

3       12.   Answering paragraph 12 of the Complaint, Defendants admit that

4   GameStop, Inc. operates a store in La Quinta, California.  Defendants aver that the

5   remaining allegations of the paragraph are legal conclusions which speak for

6   themselves and to which no answer is required.  To the extent that any allegation is

7   not a legal conclusion or argument, Defendants deny such allegations.

8                    **FACTUAL ALLEGATIONS**

9       13.   Answering paragraph 13 of the Complaint, Defendants admit that

10  GameStop, Inc. operates over 400 stores in California, and that Plaintiffs previously

11  worked at GameStop, Inc. stores in California.  Except as expressly admitted,

12  Defendants deny all other allegations.

13      14.   Answering paragraph 14 of the Complaint, Defendants deny each and

14  every allegation contained therein.

15      15.   Answering paragraph 15 of the Complaint, Defendants deny each and

16  every allegation contained therein.

17      16.   Answering paragraph 16 of the Complaint, Defendants aver that the

18  allegations of the paragraph are legal conclusions which speak for themselves and

19  to which no answer is required.  To the extent that any allegation is not a legal

20  conclusion or argument, Defendants deny such allegations.

21                    **CLASS ALLEGATIONS**

22      17.   Answering paragraph 17 of the Complaint, Defendants admit that

23  Plaintiffs purport to bring this putative class action based on the purported class

24  definition pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as

25  expressly admitted, Defendants deny all other allegations.

26      18.   Answering paragraph 18 of the Complaint, Defendants deny each and

27  every allegation contained therein.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                                    3                    DEFENDANTS' ANSWER TO
                                                                       PLAINTIFFS' COMPLAINT

1    19.    Answering paragraph 19 of the Complaint, Defendants deny each and

2    every allegation contained therein.

3    20.    Answering paragraph 20 of the Complaint, Defendants deny each and

4    every allegation contained therein.

5    21.    Answering paragraph 21 of the Complaint, Defendants deny each and

6    every allegation contained therein.

7    22.    Answering paragraph 22 of the Complaint, Defendants deny each and

8    every allegation contained therein, including all subparts.

9    23.    Answering paragraph 23 of the Complaint, Defendants deny each and

10    every allegation contained therein.

11    24.    Answering paragraph 24 of the Complaint, Defendants deny each and

12    every allegation contained therein.

13    25.    Answering paragraph 25 of the Complaint, Defendants deny each and

14    every allegation contained therein.

15    26.    Answering paragraph 26 of the Complaint, Defendants lack specific

16    information sufficient to form a belief as to the truth or falsity of Plaintiffs' alleged

17    intent.  Except as expressly admitted, Defendants deny all remaining allegations

18    contained in paragraph 26 of the Complaint.

19                          **FIRST CLAIM FOR RELIEF**

20                   **(Failure to Reimburse Business Expenses)**

21    27.    Answering paragraph 27 of the Complaint, Defendants incorporate

22    herein their responses to all prior paragraphs of the Complaint.

23    28.    Answering paragraph 28 of the Complaint, Defendants aver that the

24    allegations of the paragraph are legal conclusions which speak for themselves and

25    to which no answer is required.  To the extent that any allegation is not a legal

26    conclusion or argument, Defendants deny such allegations.

27    29.    Answering paragraph 29 of the Complaint, Defendants aver that the

28    allegations of the paragraph are legal conclusions which speak for themselves and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE        DB1/63112129.4                    4              DEFENDANTS' ANSWER TO
                                                              PLAINTIFFS' COMPLAINT

1   to which no answer is required.  To the extent that any allegation is not a legal

2   conclusion or argument, Defendants deny such allegations.

3        30.    Answering paragraph 30 of the Complaint, Defendants aver that the

4   allegations of the paragraph are legal conclusions which speak for themselves and

5   to which no answer is required.  To the extent that any allegation is not a legal

6   conclusion or argument, Defendants deny such allegations

7        31.    Answering paragraph 31 of the Complaint, Defendants deny all

8   allegations contained therein.

9        32.    Answering paragraph 32 of the Complaint, Defendants aver that the

10  allegations of the paragraph are legal conclusions which speak for themselves and

11  to which no answer is required.  To the extent that any allegation is not a legal

12  conclusion or argument, Defendants deny such allegations.

13                    **SECOND CLAIM FOR RELIEF**

14            **(Failure to Provide Accurate Itemized Wage Statements)**

15       33.    Answering paragraph 33 of the Complaint, Defendants incorporate

16  herein their responses to all prior paragraphs of the Complaint.

17       34.    Answering paragraph 34 of the Complaint, Defendants aver that the

18  allegations of the paragraph are legal conclusions which speak for themselves and

19  to which no answer is required.  To the extent that any allegation is not a legal

20  conclusion or argument, Defendants deny such allegations.

21       35.    Answering paragraph 35 of the Complaint, Defendants aver that the

22  allegations of the paragraph are legal conclusions which speak for themselves and

23  to which no answer is required.  To the extent that any allegation is not a legal

24  conclusion or argument, Defendants deny such allegations.

25                    **THIRD CLAIM FOR RELIEF**

26            **(Unfair Practice Under the Unfair Competition Act)**

27       36.    Answering paragraph 36 of the Complaint, Defendants incorporate

28  herein their responses to all prior paragraphs of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                         5              DEFENDANTS' ANSWER TO
                                                      PLAINTIFFS' COMPLAINT

37.     Answering paragraph 37 of the Complaint, Defendants aver that the allegations of the paragraph are legal conclusions which speak for themselves and to which no answer is required.  To the extent that any allegation is not a legal conclusion or argument, Defendants deny such allegations.

38.     Answering paragraph 38 of the Complaint, Defendants aver that the allegations of the paragraph are legal conclusions which speak for themselves and to which no answer is required.  To the extent that any allegation is not a legal conclusion or argument, Defendants deny such allegations.

## PRAYER FOR RELIEF

39.     Answering paragraph 39 of the Complaint, including all subparts, Defendants deny each and every allegation contained therein, and deny that Plaintiffs are entitled to any of the relief sought against Defendants in the Prayer, or to any relief whatsoever, on Plaintiffs' behalf individually or on behalf of the alleged putative class members they purport to represent, the existence of which is expressly denied.

## DEFENSES

Defendants also assert the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

### FIRST DEFENSE
### (Failure to State a Cause of Action)

40.     The Complaint, and each purported cause of action contained therein, fail to state facts sufficient to constitute a cause of action.

### SECOND DEFENSE
### (Statutes of Limitations)

41.     The Complaint, and each purported cause of action contained therein, are barred in whole or in part by all applicable statutes of limitation, including but

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                     6                     DEFENDANTS' ANSWER TO
                                                        PLAINTIFFS' COMPLAINT

1   not limited to California Business and Professions Code Section 17208, California

2   Civil Procedure Code Sections 338, 340, and 343.

### THIRD DEFENSE

### (Not Appropriate for Class Action)

5       42.     The Complaint, and each purported cause of action contained therein,

6   are not proper for treatment as a class action because, among other reasons:

7   (a) Plaintiffs are inadequate representatives of the purported class; (b) Plaintiffs

8   cannot establish commonality of claims; (c) Plaintiffs cannot establish typicality of

9   claims; and (d) the individualized nature of Plaintiffs' claims makes class treatment

10   inappropriate.

### FOURTH DEFENSE

### (Uncertainty)

13       43.     Plaintiffs' claims, and those similarly situated, if any, are barred in

14   whole or in part because the Complaint is uncertain in that the purported class

15   definition is ambiguous and conclusory.

### FIFTH DEFENSE

### (Lack of Standing)

18       44.     The Complaint, and each purported cause of action contained therein,

19   are barred for lack of subject matter jurisdiction to the extent Plaintiffs, and those

20   similarly situated, if any, lack standing to bring their claims.

### SIXTH DEFENSE

### (Arbitration)

23       45.     The claims of Plaintiffs and those similarly situated, if any, are barred

24   because they are contractually bound to arbitrate all claims against Defendants.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                              7                    DEFENDANTS' ANSWER TO
                                                                PLAINTIFFS' COMPLAINT

## SEVENTH DEFENSE
### (Failure to Exhaust Internal and/or Administrative Remedies)

46.    The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiffs and/or the putative class members have failed to exhaust their internal and/or administrative remedies.

## EIGHTH DEFENSE
### (Misjoinder of Parties/Not the Employer)

47.    The claims of Plaintiffs, and those similarly situated, if any, are barred against GameStop Corp. because GameStop Corp. was not at all times the employers of Plaintiffs and the putative members of the class defined in the Complaint.

## NINTH DEFENSE
### (Avoidable Consequences)

48.    The claims of Plaintiffs, and those similarly situated, if any, are barred, or recovery reduced, because (1) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (2) Plaintiffs, and those similarly situated, if any, unreasonably failed to use the preventive and corrective measures that Defendants provided; and (3) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs, and those similarly situated, if any, allegedly suffered.

## TENTH DEFENSE
### (Failure to Mitigate)

49.    Plaintiffs, and those similarly situated, if any, have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                          8                    DEFENDANTS' ANSWER TO
                                                              PLAINTIFFS' COMPLAINT

**ELEVENTH DEFENSE**

**(De Minimis)**

50.     The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the *de minimis* doctrine.

**TWELFTH DEFENSE**

**(Unclean Hands)**

51.     The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

**(Waiver)**

52.     The Complaint, and each purported cause of action contained therein, including Plaintiffs' demand to bring this action as a class or collective action, are barred in whole or in part by the doctrine of waiver.

**FOURTEENTH DEFENSE**

**(Estoppel)**

53.     The Complaint, and each and every purported cause of action contained therein, are barred in whole or in part by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

**(Consent)**

54.     The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiffs, and those similarly situated, if any, consented to any alleged activity or conduct.

**SIXTEENTH DEFENSE**

**(Release)**

55.     To the extent alleged members of the putative class and/or representative action have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                                   9                    DEFENDANTS' ANSWER TO
                                                                      PLAINTIFFS' COMPLAINT

## SEVENTEENTH DEFENSE

### (Adequate Remedy at Law)

56.     The claims of Plaintiffs, and those similarly situated, if any, for injunctive and other equitable relief are barred because they have an adequate and complete remedy at law.

## EIGHTEENTH DEFENSE

### (Setoff and Recoupment)

57.     If any damages have been sustained by Plaintiffs, or those similarly situated, if any, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiffs, or those similarly situated, if any, owed to Defendants against any judgment that may be entered against Defendants.

## NINETEENTH DEFENSE

### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

58.     Plaintiffs, and those similarly situated, if any, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTIETH DEFENSE

### (Action Unconstitutional)

59.     Plaintiffs' purported cause of action for violation of California Business and Professions Code Section 17200 is barred because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FIRST DEFENSE

### (No Knowing or Intentional Conduct)

60.     Plaintiffs, and those similarly situated, if any, are barred from recovering penalties pursuant to, *inter alia*, California Labor Code Section 226,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                                    10                    DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT

1    because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of

2    knowing and intentional conduct; and (b) neither Defendants nor any agent or

3    employee of Defendants acted knowingly and intentionally.

## TWENTY-SECOND DEFENSE
### (Conduct Reasonable and in Good Faith)

6    61.    The claims of Plaintiffs, and those similarly situated, if any, for

7    penalties pursuant to, *inter alia*, Labor Code Section 226, are barred, in whole or in

8    part, because Defendants had a reasonable, honest, and good faith belief that its

9    wage statements were accurate and that all of the wages earned by Plaintiffs and

10   those similarly situated, if any, had been paid in a timely and lawful manner at the

11   time they were owed.

## TWENTY-THIRD DEFENSE
### (Due Process/Excessive Fine)

14   62.    Although Defendants deny that they have committed or have

15   responsibility for any act that could support the recovery of civil penalties in this

16   lawsuit, if and to the extent any such act or responsibility is found, recovery of civil

17   penalties against Defendants is unconstitutional under numerous provisions of the

18   United States Constitution and the California Constitution, including the excessive

19   fines clause of the Eighth Amendment, the due process clauses of the Fifth

20   Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination

21   clause of the Fifth Amendment, and other provisions of the United States

22   Constitution, and the excessive fines clause of Section 17 of Article 1, the due

23   process clause of Section 7 of Article I, the self-incrimination clause of Section 15

24   of Article 1, and other provisions of the California Constitution.

## TWENTY-FOURTH DEFENSE
### (Business-Related Expenses Never Incurred/Unreasonable)

27   63.    Plaintiffs' claims, or some of them, are barred in whole or in part

28   because Plaintiffs or some or all of the putative class members did not incur

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/63112129.4                              11                    DEFENDANTS' ANSWER TO
                                                                 PLAINTIFFS' COMPLAINT

1  unreimbursed business-related expenses, said expenses were not reasonable and

2  necessary, or said expenses were not business-related.

3  **TWENTY-FIFTH DEFENSE**

4  **(Reservation of Rights)**

5      64.    Defendants reserve the right to assert additional defenses as discovery

6  proceeds and they become aware of additional facts and circumstances that provide

7  the basis for additional defenses.

8      WHEREFORE, Defendants pray for judgment as follows:

9      1.    That the Court deny Plaintiffs' request to certify this action as a class

10  action;

11      2.    That Plaintiffs take nothing by reason of their Complaint;

12      3.    That the Complaint herein be dismissed in its entirety with prejudice,

13  and that judgment be entered in favor of Defendants and against Plaintiffs on all

14  causes of action contained in the Complaint;

15      4.    That Defendants be awarded their reasonable costs and attorneys' fees

16  incurred by this action; and

17      5.    For such other and further relief as the Court deems just and proper.

18

19  Dated:    June 17, 2009        MORGAN, LEWIS & BOCKIUS LLP

20

21          By  /S/ John D.Hayashi

                John D. Hayashi

22                  Attorneys for Defendants

                GAMESTOP CORP. AND

23                  GAMESTOP, INC.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

# PROOF OF SERVICE

*McHorney v. GameStop*
*USDC Case No. CV-09-02879*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California  92614.

On June 17, 2009, I served on the interested parties in this action the within document(s) entitled:

**ANSWER OF DEFENDANTS GAMESTOP CORP. AND GAMESTOP, INC. TO PLAINTIFFS' CLASS ACTION COMPLAINT**

[   ]   **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)  -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL:  (C.C.P. § 1013(a))  -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]   **BY OVERNIGHT MAIL (C.C.P. § 1013(c)) -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[   ]   **BY PERSONAL SERVICE -** I delivered to an authorized courier or driver authorized by Orange County Corporate Courier, Inc. to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be filed with the court upon request.

DB2/21117950.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

[ ]  **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on June 17, 2009. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com

[ X ]  **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Nichols Kaster, LLP<br>Matthew C. Helland<br>One Embarcardero Center, Suite 720<br>San Francisco, CA  94111<br>Tel:   415.277.7235<br>Fax:  415.277.7238 | *Attorneys for Plaintiff* |

[ ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on June 17, 2009, at Irvine, California.

_____
Cindy Hachiya

DB2/21117950.1
MORGAN, LEWIS & BOCKIUS LLP