1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, State Bar No. 257163
2   cgonell@morganlewis.com
    JOHN D. HAYASHI, State Bar No. 211077
3   jhayashi@morganlewis.com
    5 Park Plaza, Suite 1750
4   Irvine, CA  92614
    Tel:   949.399.7000
5   Fax:   949.399.7001

6   Attorneys for Defendants
    GAMESTOP CORP. and GAMESTOP, INC.
7
    (PLAINTIFFS' COUNSEL ON NEXT PAGE)
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  BRETT MCHORNEY and JORDAN MAYER, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>GAMESTOP CORP., GAMESTOP, INC., and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV 09-02879 GHK (MANx)<br><br>Hon. George H. King<br><br>**DECLARATION OF EVERETT B. "CHUCK" SMITH IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        October 18, 2010<br>Time:        9:30 a.m.<br>Courtroom:  650<br>Judge:       Hon. George H. King |

18

19

20

21

22

23

24

25

26

27

28

DB2/21872540

1
2
3
4

Nichols Kaster, LLP
Matthew C. Helland
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Tel:   415.277.7235
Fax:   415.277.7238

5
6
7
8
9

Nichols Kaster, LLP
E. Michelle Drake, Esq. (admitted *pro hac vice*)
drake@nka.com
Paul J. Lukas, Esq. (admitted *pro hac vice*)
lukas@nka.com
4600 IDS Center, 80th South Street
Minneapolis, NJ  55402
Tel:   612.256.3200

10
11
12
13

Ervin Cohen & Jessup LLP
Eric W. Cheung
echeung@ecjlaw.com
9401 Wilshire Boulevard 9th Floor
Beverly Hills, CA 90212
Tel.:  310-281-6392
Fax:   310-887-6874

14
15
16

Attorneys for Plaintiffs
BRETT MCHORNEY and JORDAN
MAYER, individually, on behalf of
others similarly situated, and on behalf
of the general public

17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF EVERETT B.
"CHUCK" SMITH

## **DECLARATION OF EVERETT B. "CHUCK" SMITH**

I, Everett B. "Chuck" Smith, declare and state as follows:

1.      I am Divisional Vice President of Field Human Resources for Defendant GameStop, Inc. ("GameStop").  I have personal knowledge of the matters stated herein, and if called and sworn as a witness in this matter, I could and would testify as set forth herein.  I submit this Declaration in support of the Parties' Joint Motion for Preliminary Approval of Settlement.

2.      Over the class period from 2005 to 2010, GameStop operated between 350 to 479 stores in California.

3.      An analysis of bank records for the banks serving the stores where Plaintiffs McHorney and Mayer were employed indicate that bank deposits took place, on average, four times per week, per store.  Furthermore, certain GameStop stores in California use a third-party armored car service to perform bank drops.  At these stores, GameStop employees would not make bank drops.

4.      As the Divisional Vice-President of Field Human Resources, I am aware of the job duties and functions that GameStop employees perform.  Only employees holding certain positions were expected to make bank drops or hand carries, or attend off-site meetings.  Store Managers, Store Managers in Training, Assistant Store Managers, and Senior Game Advisors have store operational duties, and can be expected to make bank drops or hand carries as part of their job duties.  The job descriptions for these positions include making bank deposits as part of their expected functions.  The job descriptions for Game Advisors and Lead Game Advisors, in contrast, do not include making bank deposits as part of their expected functions.

5.      Furthermore, only Store Managers are expected to attend off-site meetings, as provided in the Store Manager job description, which includes "attend offsite conferences and meetings as necessary" as a job requirement.  This expectation of attendance at off-site meetings does not appear in the job

descriptions for other positions.  On average, such off-site meetings occur twice per year.

6.      Game Advisors and Lead Game Advisors are hourly, part-time employees, and are often temporary or seasonal workers.  They are typically scheduled to work 20 hours or less per week, and 4 hours or less per day.  Like other retail stores, GameStop employs a large, temporary workforce for the holiday season, and these temporary workers hold the Game Advisor position.


I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this __19__th day of August, 2010 at Grapevine, Texas.

_____
Everett B. "Chuck" Smith