# EXHIBIT "1"

1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, State Bar No. 257163
2  JOHN D. HAYASHI, State Bar No. 211077
   5 Park Plaza, Suite 1750
3  Irvine, CA 92614
   Tel: 949.399.7000
4  Fax: 949.399.7001
   email: cgonell@morganlewis.com
5         jhayashi@morganlewis.com

6  Attorneys for Defendants
   GAMESTOP CORP. and GAMESTOP, INC.
7
   (PLAINTIFFS' COUNSEL ON NEXT PAGE)
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  BRETT MCHORNEY and JORDAN          Case No. CV 09-02879 GHK (MANx)
    MAYER, individually, on behalf of
12  others similarly situated, and on behalf   **JOINT STIPULATION OF**
    of the general public,                      **SETTLEMENT AND RELEASE**
13
                    Plaintiffs,
14
            vs.
15
    GAMESTOP CORP., GAMESTOP,
16  INC., and DOES 1-10 inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                                    JOINT STIPULATION OF SETTLEMENT
                                                               AND RELEASE

1

2   Nichols Kaster, LLP
    Matthew C. Helland
3   One Embarcardero Center, Suite 720
    San Francisco, CA  94111
4   Tel:  415.277.7235
    Fax: 415.277.7238

5   Nichols Kaster, LLP
    E. Michelle Drake, Esq. (admitted *pro hac vice*)
6   Paul J. Lukas, Esq. (admitted *pro hac vice*)
    4600 IDS Center, 80th South Street
7   Minneapolis, NJ  55402
    Tel:  612.256.3200
8   drake@nka.com
    lukas@nka.com

9
    Ervin Cohen & Jessup LLP
10  Eric W. Cheung
    9401 Wilshire Boulevard 9th Floor
11  Beverly Hills , CA 90212
    Tel.: 310-281-6392
12  Fax: 310-887-6874
    echeung@ecjlaw.com

13
    Attorneys for Plaintiffs
14  BRETT MCHORNEY and JORDAN
    MAYER, individually, on behalf of
15  others similarly situated, and on behalf
    of the general public

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

2

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1    This Joint Stipulation of Settlement, dated _____, 2010, is made and

2    entered into between the Plaintiffs BRETT MCHORNEY ("McHorney") and

3    JORDAN MAYER ("Mayer") as individuals and as representatives of the Class

4    (together, "Plaintiffs") and Defendants GAMESTOP CORP. and GAMESTOP,

5    INC. (together, "GameStop" or "Defendants"), who are parties to the above-

6    captioned litigation (together, the "Parties").

7    It is hereby stipulated and agreed, by and between the undersigned Parties,

8    subject to approval of the Court, that the settlement of this action shall be

9    effectuated upon and subject to the following terms and conditions:

10   **I.    <u>DEFINITIONS</u>**

11   The following terms, when used in this Joint Stipulation of Settlement and

12   Release, shall have the following meanings:

13   1.     "Action" or "Instant Action" means the above stated action, styled as

14   *McHorney et al. v. GameStop Corp., et al.*, Central District of California Case No.

15   09-CV-02879 GHK MAM.

16   2.     "Claims Administrator" means the lowest-priced (based on bids),

17   reputable third-party Claims Administrator, to be selected by the Parties to

18   administer this Settlement.

19   3.     "Claim Form" means the document attached hereto as Exhibit 2.

20   4.     "Claims Period" means a period of sixty (60) calendar days from the

21   date the Claims Administrator mails the Settlement Documents to Class Members.

22   5.     "Class" means all persons who are, have been, or will be employed by

23   Defendants and who worked in GameStop or EB Games stores in the State of

24   California at any time during the Class Period in a Covered Position.

25   6.     "Class Counsel" means the law firm of Nichols Kaster LLP.

26   7.     "Class Member" means each person eligible to participate in this

27   Settlement who is a member of the Class defined above.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191.11

1

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

8.     "Class Member Released Claims" shall mean any and all claims against Settling Defendants, as defined herein, in any way related to indemnity or reimbursement of expenses, including but not limited to all claims alleged in the Complaint and all such claims that were or could have been asserted in the Instant Action by Class Members who do not opt-out of the settlement, including but not limited to claims under California Labor Code § 2802, and derivative claims under California Labor Code § 226, the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 *et seq.*, and California Business & Professions Code §§ 17200 *et seq.*  All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out.

9.     "Class Period" shall mean the time period from April 24, 2005 through the Date of Preliminary Approval of this Settlement.

10.    "Class Representatives' Released Claims" means all known and unknown claims against Settling Defendants, including all claims relating to the Plaintiffs' employment and/or alleged in the Complaint, any wage and hour claims, overtime compensation, minimum wages, penalties and interest under all applicable state, federal and local laws, as well as the common law, and any other claims premised upon wage and hour claims or the payments, including but not limited to claims under California Labor Code § 2802, and derivative claims under California Labor Code § 226, the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 *et seq.*, California Business & Professions Code §§ 17200 *et seq.*, any and all claims in any way related to indemnity or reimbursement of expenses, and includes a waiver of California Civil Code § 1542.

11.    "Class Representatives" shall mean Plaintiffs McHorney and Mayer.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

2

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 6 of 50   Page ID
#:323
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 6 of 40

1    12.    "Complaint" shall mean the operative Complaint for Damages,

2    Restitution, and Injunctive Relief filed by Plaintiffs in this Action on or about April

3    24, 2009.

4    13.    "Covered Position" shall mean the positions of Store Manager, Store

5    Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead Game

6    Advisor, and Game Advisor.

7    14.    "Court" shall mean the U.S. District Court, Central District of

8    California.

9    15.    "Date of Preliminary Approval" means the date the Court approves

10   this Stipulation of Settlement, and the exhibits thereto, and enters an Order

11   providing for notice to the Class, an opportunity to opt-out of the Class, an

12   opportunity to submit timely objections to the settlement, a procedure for

13   submitting claims, and setting a hearing for Final Approval of the Settlement,

14   including approval of attorneys' fees and costs.

15   16.    "Defendants' Counsel" means Morgan, Lewis & Bockius LLP.

16   17.    "Final Approval" shall mean the latest of the following dates:  (i) if no

17   Class Member files an objection to the Settlement, then the date the Court enters an

18   order granting final approval of the Settlement; (ii) if a Class Member files an

19   objection to the Settlement, then thirty-one (31) calendar days following the date

20   the Court enters an order granting final approval, assuming no appeal is filed; and

21   (iii) if a timely appeal is filed, the final resolution of that appeal (including any

22   requests for rehearing and/or petitions for *certiorari*), resulting in final judicial

23   approval of the Settlement.

24   18.    "LWDA" means the California Labor and Workforce Development

25   Agency.

26   19.    "Maximum Settlement Amount" is the sum of Six Hundred Seventy-

27   Five Thousand U.S. Dollars ($675,000.00), which represents the maximum amount

28   payable in this Settlement by Settling Defendants, which includes, without

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                              3                    JOINT STIPULATION OF SETTLEMENT
                                                                          AND RELEASE

1   limitation, attorneys' fees, costs, claim administration expenses, Service

2   Enhancements to Class Representatives, civil penalties under PAGA, payments to

3   the LWDA for civil penalties brought under PAGA, and the net amount payable to

4   Qualified Claimants.

5        20.   "Minimum Settlement Amount" shall be the aggregate of the

6   $253,494.50 Tier 1 Minimum Payment to Tier 1 participants and the $28,140

7   payment to Tier 2 participants (which total $281,634.50), as those terms are defined

8   herein, and shall serve as the minimum aggregate amount that Settling Defendants

9   will pay to Qualified Claimants.

10        21.   "Net Maximum Amount" is the portion of the Maximum Settlement

11   Amount available for distribution to Qualified Claimants.  It equals the Maximum

12   Settlement amount less Class Counsel's attorneys' fees, Class Counsel's litigation

13   costs, claim administration expenses, payments to the LWDA for civil penalties

14   brought under PAGA, and Service Enhancements to the Class Representatives.

15        22.   "Notice of Class Action Settlement" shall mean the document attached

16   hereto as Exhibit 1.

17        23.   "PAGA" shall mean the California Labor Code Private Attorneys

18   General Act, California Labor Code §§ 2698 *et seq.*

19        24.   "Parties" shall mean Defendants and Plaintiffs.

20        25.   "Plaintiffs" shall mean Plaintiffs McHorney and Mayer.

21        26.   "Qualified Claimant" means a Class Member who has timely

22   submitted a correctly completed Claim Form to the Claims Administrator, signed

23   under penalty of perjury, and who has not timely submitted a valid Request for

24   Exclusion from the Settlement to the Claims Administrator.

25        27.   "Settling Plaintiffs" shall mean all Class Members who do not submit

26   a valid Request for Exclusion from the Settlement to the Claims Administrator.

27        28.   "Settling Defendants" or "GameStop" shall mean GameStop Corp.,

28   GameStop, Inc., EB Games, and all related companies, subsidiaries, entities, future

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

4

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

37.   "Tier 2 Individual Estimated Settlement Share" for an individual Class Member means the percentage calculated by dividing the Class Member's Tier 2 Individual Weeks Worked by the Tier 2 Total Class Weeks Worked.

38.   "Tier 1 Individual Final Settlement Share" for an individual Class Member means the percentage calculated by dividing the Class Member's Tier 1 Individual Weeks Worked by the Tier 1 Total Qualified Claimants Weeks Worked.

39.   "Tier 2 Individual Final Settlement Share" for an individual Class Member means the percentage calculated by dividing the Class Member's Tier 2 Individual Weeks Worked by the Tier 2 Total Class Weeks Worked.

40.   "Tier 1 Individual Weeks Worked" means the total number of Weeks Worked by an individual Class Member in a Tier 1 Distribution Class position during the Class Period.

41.   "Tier 2 Individual Weeks Worked" means the total number of Weeks Worked by an individual Class Member in a Tier 2 Distribution Class position during the Class Period.

42.   "Tier 1 Maximum Settlement Amount" means the amount of $440,860 from the Maximum Settlement Amount eligible for allocation to the Tier 1 Distribution Class.

43.   "Tier 1 Minimum Payment" means an amount equal to 57.5% of the Tier 1 Maximum Settlement Amount, which is $253,494.50.

44.   "Tier 2 Settlement Amount" means the amount of $28,140 from the Maximum Settlement Amount eligible for allocation to the Tier 2 Distribution Class.

45.   "Tier 1 Total Class Weeks Worked" means the aggregate of Tier 1 Individual Weeks Worked for all individual Class Members in the Tier 1 Distribution Class.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

6

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

46.    "Tier 2 Total Class Weeks Worked" means the aggregate of Tier 2 Individual Weeks Worked for all individual Class Members in the Tier 2 Distribution Class.

47.    "Tier 1 Total Qualified Claimants Weeks Worked" means the aggregate of Tier 1 Individual Weeks Worked for all individual Qualified Claimants in the Tier 1 Distribution Class.

48.    "Tier 2 Total Qualified Claimants Weeks Worked" means the aggregate of Tier 2 Individual Weeks Worked for all individual Qualified Claimants in the Tier 2 Distribution Class.

49.    The "Tier 1 Participation Rate" means the percentage calculated by dividing the Tier 1 Total Qualified Claimants Weeks Worked by the Tier 1 Total Class Weeks Worked.

50.    "Weeks Worked" means the numbers of weeks a Class Member was actively employed by GameStop in a Covered Position during the Class Period based on GameStop's internal records.

## II.    **DESCRIPTION OF THE LITIGATION**

51.    On April 24, 2009, Plaintiffs filed a lawsuit against GameStop Corp., GameStop, Inc., and Does 1-10, in the U.S. District Court for the Central District of California, Case No. 09-CV-2879 GHK MANx.  The action was filed as a class action on behalf of all persons who are, have been, or will be employed by GameStop and who worked in GameStop or EB Games stores in the State of California during the applicable limitations periods.  In their Complaint, Plaintiffs alleged three causes of action, for failure to reimburse business expenses under the California Labor Code; failure to provide accurate itemized wage statements under the California Labor Code; and violation of California Business and Professions Code §§ 17200 *et seq.*  Plaintiffs sought payment for unreimbursed business expenses, restitution, injunctive relief, interest, attorneys' fees and costs, and leave to amend to add claims for statutory penalties under PAGA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

7

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 10 of 50   Page ID
#:327
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 11 of 40

1     52.    This settlement embraces all claims against Settling Defendants as

2    enumerated in paragraphs 8 and 10 above, including, but not limited to, all claims

3    in the Complaint for violations of California's Labor Code and Wage Orders,

4    statutory penalties including civil penalties under PAGA, attorneys' fees, costs, and

5    interest.

6    **III.**    **CLAIMS OF THE SETTLING PLAINTIFFS**

7     53.    Plaintiffs allege in their Complaint that, during the applicable

8    limitations period, GameStop failed to indemnify or reimburse Plaintiffs and

9    putative class members for necessary business expenditures incurred in direct

10    consequence of the discharge of their duties pursuant to California Labor Code

11    § 2802.  Plaintiffs allege that GameStop required them and other putative class

12    members to drive their own vehicles to the bank, to other GameStop stores, or to

13    offsite meetings, without timely reimbursing them for expenses associated with that

14    driving.  Plaintiffs also allege that GameStop did not furnish accurate itemized

15    wage statements pursuant to California Labor Code § 226 and that these practices

16    constituted violations of California Business and Professions Code §§ 17200 *et seq.*

17    Plaintiffs also reserved the right to amend the Action to allege civil penalties

18    pursuant to PAGA.  Plaintiffs sought to maintain a class action for their claims on

19    behalf themselves and all persons who are, have been, or will be employed by

20    Defendants and who worked in GameStop or EB Games stores in the State of

21    California for the period four years prior to the filing date of their complaint to the

22    date of trial.  The damages alleged are reimbursement for alleged business

23    expenses, penalties for alleged failure to provide itemized wage statements,

24    statutory penalties including civil penalties under PAGA, attorneys' fees, costs, and

25    interest.

26     54.    On January 5, 2010, the Parties participated in a lengthy mediation

27    with mediator Michael Dickstein in New York, NY.  In settlement negotiations

28    following the mediation, assisted by Mr. Dickstein, the Parties reached a settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1   agreement and subsequently prepared a Memorandum of Understanding reflecting

2   the material terms of the Parties' settlement.  All of the terms of the Parties'

3   settlement are contained within this Stipulation of Settlement.  At all times, the

4   Parties' settlement negotiations have been non-collusive, adversarial, and at arm's

5   length.

6       55.    Discussions between counsel for the Parties, informal discovery, as

7   well as the investigation and evaluation of the claims of Plaintiffs by the Parties,

8   have permitted each side to assess the relative merits of the claims and the defenses

9   to those claims.  The Parties agree that the above-described investigation and

10  evaluation, as well as the information exchanged during settlement negotiations and

11  mediation, are more than sufficient to assess the merits of the respective Parties'

12  positions and to compromise the issues on a fair and equitable basis.  Based on their

13  own independent investigations and evaluations, Class Counsel is of the opinion

14  that the Settlement with Settling Defendants for the consideration and terms set

15  forth below, considering the representative and class claims, and the risk of loss, is

16  fair, reasonable, and adequate in light of all known facts and circumstances, and is

17  in the best interests of the Class.  Class Counsel is also of the opinion that the total

18  consideration and payment set forth in this Stipulation of Settlement is adequate in

19  light of the uncertainties surrounding the risk of further litigation, and the possible

20  defenses and offset claims that Settling Defendants have asserted and could assert.

21  **IV.    <u>POSITION OF THE SETTLING DEFENDANTS</u>**

22      56.    Settling Defendants assert that they have had, during all relevant times,

23  a policy providing for the reimbursement of the business expenses alleged in the

24  Action, and that putative class members have been reimbursed pursuant to that

25  policy.  Accordingly, Settling Defendants deny that any liability exists for an

26  alleged failure to reimburse Plaintiffs or putative class members for business

27  expenses.  Settling Defendants further contend that they provide and have provided

28  itemized wage statements that comply with California law, and that they

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                             9              JOINT STIPULATION OF SETTLEMENT
                                                        AND RELEASE

1    appropriately indemnified Class Members for expenses that were genuinely

2    necessary and reasonable.  Consequently, Settling Defendants do not believe that

3    any liability to Plaintiff or Class Members exists, or that Plaintiff or Class Members

4    are entitled to any recovery.  In addition, Settling Defendants contend that Plaintiffs

5    are inadequate class representatives and that Plaintiffs' claims are not suitable for

6    class treatment.

7    **V.     BENEFITS OF THE SETTLEMENT TO THE PROPOSED CLASS**

8    **AND DEFENDANT**

9           57.    Class Counsel recognizes the substantial monetary benefit to the Class

10   and the expenses and length of continued proceedings necessary to prosecute the

11   Action against the Settling Defendants through class certification, trial and possible

12   appeals.  Class Counsel has also taken into account the uncertain outcome and risk

13   of any litigation, especially in complex actions such as class actions, as well as the

14   difficulties and delay inherent in such litigation.  Therefore, Class Counsel has

15   determined that the settlement set forth in this Stipulation of Settlement is in the

16   best interest of the Class.

17          58.    Settling Defendants and their counsel have similarly concluded that it

18   is desirable that the Action be settled in a manner and upon such terms and

19   conditions set forth herein in order to avoid further expense, inconvenience and

20   distraction of further legal proceedings, and the risk of the outcome of the Action.

21   Therefore, Settling Defendants have determined that it is desirable and beneficial to

22   put to rest the claims in the Action.

23   **VI.   OPERATIVE TERMS OF SETTLEMENT**

24          The Parties to this Action agree as follows:

25          59.    Non-Admission.  Nothing in this Stipulation of Settlement shall be

26   construed to be or deemed an admission by Settling Defendants of any liability,

27   culpability, negligence, or wrongdoing toward the Class Representatives, the Class

28   Members, or any other person, and Settling Defendants specifically disclaim any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                              10                JOINT STIPULATION OF SETTLEMENT
                                                                          AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 13 of 50   Page ID
#:330
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 14 of 40

1   liability, culpability, negligence, or wrongdoing toward the Class Representatives,

2   the Class Members, or any other person, or that class certification is appropriate.

3   Each of the Parties has entered into this Stipulation of Settlement with the intention

4   to avoid further disputes and litigation with the attendant inconvenience, expenses,

5   and contingencies.  This Stipulation of Settlement and any related court documents

6   or orders may not be cited or otherwise admitted as evidence of liability or that

7   class certification is appropriate.  There has been no final determination by any

8   Court as to the merits of the claims asserted by Plaintiffs against Settling

9   Defendants or as to whether a class should be certified, other than for settlement

10   purposes only.

11        60.   <u>Conditional Certification of the Class</u>.  The Parties stipulate to the

12   conditional certification of the Class as defined herein for settlement purposes only.

13   As set forth in Paragraph 70, this provision is void and all terms of this Settlement

14   are void if this Settlement is not approved by the Court.  The parties further

15   stipulate that, for settlement purposes only, the law firm of Nichols Kaster LLP

16   may be appointed Class Counsel and that Plaintiffs may be appointed Class

17   Representatives.  GameStop's stipulation to this settlement class shall in no way be

18   considered any form of waiver of any of the alternative dispute resolution

19   provisions contained in GameStop's C.A.R.E.S. Rules for alternative dispute

20   resolution or any other applicable alternative dispute resolution policy.

21   GameStop's stipulation to this settlement class shall not be construed as an

22   admission or acknowledgement of any kind that any class should be certified or

23   given class action treatment.

24        61.   <u>Allocations to be Paid from the Maximum Settlement Amount</u>.

25   Settling Defendants shall pay an amount not to exceed Six Hundred, Seventy-Five

26   Thousand U.S. Dollars ($675,000.00) as the Maximum Settlement Amount to

27   resolve the Action on a class-wide basis.  Under no circumstances will Settling

28   Defendants be obligated to pay any more than the Maximum Settlement Amount of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

11

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1  $675,000. The Parties agree, subject to Court approval, to the following allocations

2  to be paid from the Maximum Settlement Amount:

3        A.    From the Maximum Settlement Amount, Class Counsel may

4  seek: (i) $122,000 in attorney's fees for serving as Class Counsel; and (ii) above

5  this $122,000 amount, Class Counsel may also seek an additional 25% of any

6  amount paid to Qualified Claimants above the Minimum Payment as defined in

7  paragraph 20 herein. Class Counsel shall not seek attorneys' fees greater than 25%

8  of the total settlement amount actually paid by Defendants. Should the Court

9  reduce the amount of attorney's fees paid to Class Counsel, the amount of any such

10  reduction shall first be used to cover Class Counsel's portion of Claims

11  Administrator Overages, as outlined in Paragraph 71, to the extent such Overages

12  exist and such Overages cause Class Counsel's costs to exceed $16,000. The

13  remaining amount of any reduction in attorney's fees shall be distributed to the Tier

14  1 Distribution Class on a pro rata basis as set forth herein.

15        B.    Subject to the provision regarding reduction of Attorney's fees

16  above, Class Counsel may seek a maximum of $16,000 for reimbursement of their

17  actual litigation costs incurred in this action, from the Maximum Settlement

18  Amount. If Class Counsel's litigation costs do not reach the allocated $16,000, the

19  remainder shall be distributed to the Tier 1 Distribution Class on a pro rata basis as

20  set forth herein.

21        C.    From the Maximum Settlement Amount, a maximum of $50,000

22  may be paid to the Claims Administrator for claims administration expenses,

23  subject to the terms of Paragraph 71 if the costs for claims administration exceed

24  this amount.

25        D.    From the Maximum Settlement Amount, the Class

26  Representatives may seek Service Enhancement payments in the amount of $4,000

27  each ($8,000 total) for their service to the Class.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

12

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 15 of 50   Page ID
#:332
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 16 of 40

1    E.    From the Maximum Settlement Amount, a payment of $10,000

2    will be made to the LWDA as the LWDA's portion of the Settlement allocated to

3    civil penalties under PAGA.

4    F.    GameStop will not oppose Class Counsel's motions for approval

5    of the payments set forth in subparagraphs (a) through (d) provided they are

6    consistent with these terms.

7    G.    Payments shall be made to all Class Members who are Qualified

8    Claimants, but in no event will the aggregate of payments to Qualified Claimants

9    total less than the Minimum Payment.

10    H.    Any portion of the Maximum Settlement Amount remaining

11    after payment of the costs of administration, attorneys' fees, litigation costs, class

12    representative enhancements, that portion of PAGA penalties payable to the

13    California LWDA, and payments to all of the Qualified Claimants shall remain the

14    property of Settling Defendants.

15    62.    Tax Treatment.  The service enhancements to be paid to the Class

16    Representatives and all settlement payments to Qualified Claimants shall be treated

17    as payments for expense reimbursements, penalties, and interest.  Because this

18    settlement reflects reimbursement of expenses, and not payment of wages,

19    GameStop will not issue an IRS 1099 or W2 to the Class Representatives or

20    Qualified Claimants, or deduct taxes in conjunction with settlement payments.

21    Class Representatives and Qualified Claimants shall be exclusively liable for any

22    and all tax liability, if any.  Qualified Claimants should consult with their tax

23    advisors concerning the tax consequences of the payments they receive under the

24    Settlement.

25    63.    Class Member Released Claims.  Upon Final Approval, each Settling

26    Plaintiff and each member of the Class who has not opted out of the Settlement

27    shall be deemed to have fully, finally, and forever released Settling Defendants and

28    their past, present and/or future, direct and/or indirect, officers, directors,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

13

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 16 of 50   Page ID
#:333
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 17 of 40

1   employees, agents, representatives, attorneys, insurers, partners, investors,

2   shareholders, administrators, parent companies, subsidiaries, affiliates, divisions,

3   predecessors, successors and/or assigns from all Class Member Released Claims

4   through the date of Preliminary Approval.

5       64.   Class Representatives' Released Claims.  Upon Final Approval, the

6   Class Representatives shall be deemed to have fully, finally, and forever released

7   Settling Defendants and their past, present and/or future, direct and/or indirect,

8   officers, directors, employees, agents, representatives, attorneys, insurers, partners,

9   investors, shareholders, administrators, parent companies, subsidiaries, affiliates,

10  divisions, predecessors, successors and/or assigns from all Class Representatives'

11  Released Claims through the date of Preliminary Approval.  In addition, the Class

12  Representatives shall be deemed to have expressly waived and relinquished, to the

13  fullest extent permitted by law, the provisions, rights, and benefits they may

14  otherwise have had relating to the released claims pursuant to Section 1542 of the

15  California Civil Code, which provides as follows:

16      *A general release does not extend to claims which the creditor does*
    *not know or suspect to exist in his or her favor at the time of executing*
17  *the release, which if known to him or her must have materially affected*
    *his or her settlement with the debtor.*
18

19      The release given will be conditional and shall take effect only once all

20  appellate time periods expire subsequent to the entry of judgment in this action.

21      65.   Calculation of Settlement Amounts.  GameStop will calculate the pro

22  rata settlement payments to Class Members based on each Class Member's relative

23  percentage of eligible employee service time based on GameStop's internal records

24  and as set forth in this Paragraph.  GameStop's internal records of service time shall

25  be presumed to be accurate unless rebutted pursuant to the Challenge provisions in

26  paragraph 75 below.  After deducting for attorney's fees, litigation costs, service

27  enhancements, and Claims Administration fees as set forth in Paragraph 61 and its

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 17 of 50   Page ID
#:334
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 18 of 40

1   subparagraphs, the remainder of the Maximum Settlement Amount will be allocated

2   to Class Members as follows:

3           A.     Tier 1 Maximum Settlement Amount: 94% ($440,860) shall be

4   allocated to the Tier 1 Distribution  Class, defined as GameStop employees in

5   California during the Class Period holding the positions of Store Manager,

6   Assistant Store Manager, or Senior Game Advisor.  The Tier 1 positions generally

7   include employees who may have made bank drops, hand carries, or attended off-

8   site meetings.  The Tier 1 payout is subject to the Tier 1 Minimum Payment equal

9   to 57.5% of the Tier 1 Maximum Amount ($253,494.50).  The entirety of the Tier 1

10   Minimum Payment is inclusive of all attorney's fees and costs as provided in

11   Paragraph 61.A.

12           B.     Tier 2 Settlement Amount:  6% ($28,140) will be allocated to

13   the Tier 2 Distribution Class, defined as GameStop employees in California during

14   the Class Period holding the position of "Lead Game Advisor" or "Game Advisor."

15   Tier 2 positions generally include employees who would not normally make bank

16   drops, hand carries, or attend off-site meetings.  The entirety of the Tier 2

17   Settlement Amount is inclusive of all attorney's fees and costs as provided in

18   Paragraph 61.A.

19           C.     The Minimum Payment of $253,494.50 to Tier 1 participants,

20   the $28,140 to Tier 2 participants, in addition to, as set forth in Paragraph 61 and its

21   subparagraphs, $122,000 in attorneys' fees, $16,000 in costs, $50,000 in settlement

22   administration costs, $10,000 in PAGA payments to the LWDA, and $8,000 in

23   Class Representatives' Service Enhancements, comprise the "Minimum Settlement

24   Amount."  Other than claims administration overages as provided in paragraph 71,

25   GameStop will not be required to pay any unclaimed amounts above the Minimum

26   Settlement Amount.

27           D.     Tier 1 Individual Weeks Worked and Tier 2 Individual Weeks

28   Worked shall be calculated for each Class Member based on the individual Class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

15

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 18 of 50   Page ID
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 19 of 40
#:335

1    Member's first and latest dates in a Covered Position during the Class Period.  Only

2    full weeks will be counted, i.e., if an employee was hired or terminated mid-week

3    then that week will not count as a week worked.

4            E.     The sum total of all Tier 1 Individual Weeks Worked for all

5    Class Members in the Tier 1 Distribution Class shall be aggregated to calculate the

6    Tier 1 Total Class Weeks Worked.  The sum total of all Tier 2 Individual Weeks

7    Worked for all Class Members in the Tier 2 Distribution Class shall be aggregated

8    to calculate the Tier 2 Total Class Weeks Worked.

9            F.     GameStop will calculate the Tier 1 Estimated Payment for

10   individual Class Members in the Tier 1 Distribution Class by multiplying:  (1) the

11   individual Class Member's Tier 1 Individual Estimated Settlement Share; by (2) the

12   Tier 1 Maximum Settlement Amount of $440,860; less (3) a 25% attorneys' fees

13   payout on anticipated amounts above the Tier 1 Minimum Payment (25% of

14   $440,860-$253,494.50, or $46,841.38).

15           G.     GameStop will calculate the Tier 2 Estimated Payment for

16   individual Class Members in the Tier 2 Distribution Class by multiplying:  (1) the

17   individual Class Member's Tier 2 Individual Estimated Settlement Share; by (2) the

18   Tier 2 Settlement Amount of $28,140.

19           H.     After the expiration of the Claims Period and the resolution of

20   any challenges to employee data pursuant to Paragraph 75, GameStop will calculate

21   the Tier 1 Participation Rate by dividing the Tier 1 Total Qualified Claimants

22   Weeks Worked by the Tier 1 Total Weeks Worked.

23           I.     GameStop will calculate settlement payments to each individual

24   Qualified Claimant in the Tier 1 and Tier 2 Distribution Classes.  An amount equal

25   to the Tier 1 Participation Rate multiplied by the Net Maximum Amount

26   ($440,860) shall be allocated and distributed to Qualified Claimants based on the

27   following formulas:

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

16

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1           (1)     If the Tier 1 Participation Rate is greater than 57.5%, then

2  a Qualified Claimant in the Tier 1 Distribution Class shall be eligible to receive a

3  settlement share consisting of two components:

4                  (a)     An amount equal to their Tier 1 Individual Final

5  Settlement Share multiplied by $253,494.50, plus

6                  (b)     An amount calculated by:

7                        (i)     Subtracting 57.5% from Tier 1 Participation

8  Rate and multiplying the difference by $440,860;

9                        (ii)     Reducing the amount in (b)(i) by 25% to

10  account for attorneys' fees on the amount over the Tier 1 Minimum Payment; and

11                       (iii)   multiplying the difference of (b)(i) and (b)(ii)

12  by the Qualified Claimant's Tier 1 Individual Final Settlement Share.

13           (2)     If the Tier 1 Participation Rate is less than or equal to

14  57.5%, then a Qualified Claimant in the Tier 1 Distribution Class shall be eligible

15  to receive a settlement share equal to their Tier 1 Individual Final Settlement Share

16  multiplied by $253,494.50.

17        J.     An individual Qualified Claimant in the Tier 2 Distribution

18  Class will be eligible to receive a settlement share equal to their Tier 2 Individual

19  Final Settlement Share multiplied by $28,140.

20        K.     As provided in this Paragraph, any amount that exceeds the Tier

21  1 Minimum Payment may be subject to an additional award of attorney's fees, up to

22  an amount no greater than 25% of the amount paid above the Tier 1 Minimum

23  Payment, subject to Court approval.  Any additional amount of Court-approved

24  attorney's fees shall be taken from the net amount allocated to Qualified Claimants

25  in the Tier 1 Distribution Class and shall not exceed the Tier 1 Maximum

26  Settlement Amount of $440,860, or cause GameStop's total obligation to exceed

27  the Maximum Settlement Amount.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 20 of 50   Page ID
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 21 of 40
#:337

66.   <u>Eligibility for Settlement Payments</u>.  Only Qualified Claimants who have timely submitted valid Claim Forms and have not opted-out of the settlement will be eligible to receive a Settlement Payment.  Class Members who have not submitted timely and valid Claim Forms, or have not filed timely and valid opt-out notices, will still be bound by the Settlement and its releases, but will not be entitled to receive payment of their share of the settlement.

67.   <u>Distribution of Settlement Payments</u>.  When and if the Court grants Final Approval of the Settlement, the Claims Administrator shall provide GameStop with a final list of all Qualified Claimants who timely submitted a valid Claim Form and did not opt-out of the settlement.  For each Qualified Claimant on the list provided by the Claims Administrator, GameStop will calculate the final amount due to each Qualified Claimant and issue checks payable to said Qualified Claimants.  These calculations will not be made until all employment data disputes are resolved as provided for in Paragraph 75.  GameStop will provide Class Counsel with a spreadsheet or other document showing how settlement amounts were calculated, but this document shall not contain the names or other identifying information about individual Qualified Claimants.  GameStop shall provide settlement checks within twenty-one (21) days of receiving the list of Qualified Claimants from the Claims Administrator after Final Approval of the Settlement

68.   <u>Court Approval of the Settlement</u>.  Subject to GameStop's approval, Class Counsel shall be responsible for preparing and filing the Motion for Preliminary Approval of the Settlement and the Motion for Final Approval of the Settlement.  Class Counsel will provide the Motion for Preliminary Approval of the Settlement within 14 days after the Settlement Agreement is fully executed.  GameStop then has 7 days to propose revisions to that Motion and Class Counsel has 7 days to reply.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

18

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 21 of 50   Page ID
#:338
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 22 of 40

1         A.     If the Settlement receives preliminary approval from the Court,

2  the Final Approval hearing shall be scheduled within 60 days following the end of

3  the Claims Period, or at the earliest available time for the Court, whichever is later.

4         B.     Prior to the Final Approval hearing by the Court, the Parties will

5  submit a proposed Final Order (i) certifying the Class for settlement purposes only,

6  (ii) finding the settlement fair, reasonable, and in the best interests of the Class

7  Members, (ii) approving Class Counsel's application for an award of attorneys' fees

8  and costs, (iv) approving Class Representatives' applications for Service

9  Enhancements, (v) approving payment of claims administration fees, and (vi) for a

10  final order dismissing with prejudice the Complaint in this Action against Settling

11  Defendants and releasing and barring any further actions by Class Members who do

12  not opt-out of the settlement. The Order for Final Approval of Settlement shall

13  include the names of all Class Members who submitted timely and valid opt-out

14  requests.

15        69.   Right to Revoke.  GameStop retains the right to void this Stipulation of

16  Settlement and all of its provisions if greater than 5% of the Tier 1-eligible

17  settlement participants opt-out of the Settlement by filing timely Exclusion forms as

18  described in paragraph 76.  Non-responsive Class Members will not be counted as

19  opt-outs for purposes of this right to revoke.

20        70.   Termination of Settlement Agreement.  If the conditions of the

21  Settlement set forth in this Stipulation of Settlement are not satisfied, or if Settling

22  Defendants void the Settlement under Paragraph 69 above, or if the Court does not

23  dismiss the Action with prejudice against Settling Defendants as provided for in

24  this Stipulation, or if appellate review is sought and on such review the Court's

25  decision is materially modified or reversed, or, if one or more of the terms of the

26  Stipulation of Settlement is not approved or the Stipulation with respect to one or

27  more such terms is materially modified or reversed, then this Stipulation shall be

28  canceled, terminated, and shall have no force or effect.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 22 of 50   Page ID
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 23 of 40
#:809

A.     If Final Approval does not occur, or if this Stipulation of Settlement is terminated, revoked, or canceled pursuant to its terms, the Parties to this Stipulation of Settlement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation of Settlement.

**VII.   CLAIMS ADMINISTRATION**

71.     <u>Selection and Compensation of Claims Administrator</u>.  The Parties agree to utilize a third-party Claims Administrator to give notice of and communicate with Class Members regarding the Settlement.  The Parties agree that the lowest-priced (based on bids), reputable third-party Claims Administrator will presumptively be selected, and reasonable consent to the selection of the Claims Administrator will not be withheld.  If a reputable Claims Administrator cannot be found whose estimated cost of claims administration is $50,000 or less, then any amount over $50,000 (the "Overage") shall be paid from the Maximum Settlement Amount as follows: (a) 50% of the Overage will be paid by Class Counsel as costs in the suit; and (b) the remaining 50% of the Overage shall be paid from the difference between the Minimum Settlement Amount and the Maximum Settlement Amount.

72.     <u>Claims Administration</u>.  Within fourteen (14) days after the Court grants Preliminary Approval of the Settlement, if applicable, GameStop will provide to the Claims Administrator a Class Member list containing the last-known address of Class Members ("Class Member List") in a format to be determined by the Claims Administrator and GameStop.  The Claims Administrator shall run the Class Member List through the National Change of Address database, and will use the most recent address for each Class Member – either from GameStop's records or the National Change of Address database – when mailing the Class Notice.  The Claims Administrator will also be given any updated addresses of any individuals who have contacted Class Counsel about the lawsuit and identified themselves as

.,ORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                                        20                    JOINT STIPULATION OF SETTLEMENT
                                                                                       AND RELEASE

1   class members, provided those individuals' names appear on GameStop's Class

2   Member List.

3         73.   Class Notice.  The Claims Administrator shall mail Settlement

4   Documents, consisting of the Court-approved Notice of the Class Action

5   Settlement, in form substantially similar to that attached hereto as Exhibit 1, and a

6   court-approved Claim Form, in form substantially similar to that attached hereto as

7   Exhibit 2, to the Class Members described herein.

8         74.   Claim Form.  The Claim Form shall accompany the mailing of the

9   Class Notice.  The Claim Form proposed to the Court shall include the following

10  language:  "Under penalty of perjury (a criminal offense for making a false

11  statement), I declare that:  It was necessary for me to drive my car for GameStop's

12  benefit in connection with the performance of my duties for GameStop (other than

13  my normal commute to and from work), and I was not reimbursed for all of my

14  mileage."

15        75.   Challenges to Class Member's Employment Data.  In calculating each

16  individual Class Member's share of the settlement, GameStop's records regarding

17  the employment tenure of Class Members shall be presumed to be correct.  Class

18  Members who challenge GameStop's records must submit a challenge in writing to

19  the Claims Administrator and will bear the burden of proof, i.e., a Class Member

20  who fails to provide written proof will have his or her challenge denied.  All such

21  challenges must be received within the 60-day Claims Period in which Class

22  Members must submit claims.  GameStop will then have 45 days to investigate the

23  challenge and determine whether any additional amount is owed to the Class

24  Member making the challenge.  In no case will a challenge to employment data

25  result in a payment by GameStop in excess of the Maximum Settlement Amount.

26        76.   Opt-Outs/Requests for Exclusion from the Settlement.  Class Members

27  who wish to "opt-out" of and be excluded from the Settlement must submit a

28  written Request for Exclusion from the Settlement within the Claims Period.

..ORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 24 of 50   Page ID
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 25 of 40
#:341

1   Written Requests for Exclusion from the Settlement that are post-marked after the

2   Claims Period will be rejected, and Class Members submitting untimely Requests

3   for Exclusion shall be bound by the Settlement and its releases but will not be

4   considered Qualified Claimants for settlement distribution purposes.

5       77.   Reminder Postcard.  Twenty-one (21) days before the end of the

6   Claims Period, the Claims Administrator shall send a reminder postcard to Class

7   Members who have not responded to the initial mailing of the Settlement

8   Documents.  This reminder postcard will state that the Class Member should call

9   the Claims Administrator should they need a copy of the Settlement Documents.

10  The Claims Administrator will perform one address trace on notices returned

11  undeliverable prior to sending the reminder postcard.

12      78.   Claim Forms for Named Plaintiffs.  Class Representatives may file

13  Claim Forms and be eligible to receive their pro rata share of the Settlement in

14  addition to any amount they receive as a Service Enhancement.  Class Counsel will

15  make best efforts to ensure that the Class Representatives file timely Claim Forms.

16      79.   Release.  Class Members who do not return a Claim Form within the

17  Claims Period forfeit their settlement allocation but shall remain subject to the

18  Class Member Released Claims.

19      80.   Objections.  All objections to the settlement by anyone, including

20  Class Members, must be filed with the District Court and served upon all counsel of

21  record by no later than 30 days after the mailing of the Settlement Documents,

22  notwithstanding any argument regarding non-receipt of the notice.  Class Members

23  who fail to file and serve timely written objections in this manner shall be deemed

24  to have waived any objections and shall be foreclosed from making any objection to

25  the Settlement.

26  **VIII.   MISCELLANEOUS PROVISIONS**

27      81.   Covenants and Representations by Class Representatives.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                          22              JOINT STIPULATION OF SETTLEMENT
                                                            AND RELEASE

A.     Class Representatives covenant that they will not participate in any other legal actions against GameStop, and will opt-out of those actions if they become aware of such actions.  The parties agree that nothing in this Agreement shall change the rights and/or obligations of either Party pursuant to the Parties' agreement to engage in alternative dispute resolution under GameStop C.A.R.E.S., or the opportunity for Plaintiffs to challenge such agreement to engage in alternative dispute resolution under GameStop C.A.R.E.S.

B.     Class Representatives shall further agree that at no time will they, verbally or in writing, defame or make disparaging remarks or encourage, solicit, induce or entice others to make disparaging remarks about GameStop.

C.     Class Representatives shall agree that they will not seek re-employment with GameStop or their successors or affiliated entities.

D.     As set forth in Paragraph 84, Class Representatives and their counsel agree not to disclose the terms of the Settlement except to the extent necessary in court papers or if required by legal process.

E.     Class Representatives shall certify that they have returned all GameStop property in their possession or control, including without limitation, equipment, telephones, credit cards, keys, pagers, tangible proprietary information, documents, computers and computer discs, personal data assistants, files and data, which they prepared or obtained during the course of their employment.

82.     Drafting.  The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that neither Party shall be considered the "drafter" of this Stipulation of Settlement for purposes of having terms construed against that Party.

83.     Class Information Confidential.  Names of Class Members and their allocation amounts shall be kept strictly confidential by the Claims Administrator, who will not release such information to Class Counsel and will only file such

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                                23                JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1  information under seal if necessary.  Notwithstanding this provision, the Claims

2  Administrator may provide, if necessary, contact information or information

3  regarding GameStop's computation of an individual Class Member's Settlement

4  payment to Class Counsel in order to allow Class Counsel to respond to inquiries

5  initiated by that Class Member.  Class Counsel agrees that any information they

6  receive or have received in connection with this Settlement, including but not

7  limited to computational information provided to Class Counsel pursuant to the

8  Settlement Agreement, may be used for this Action only, and may not be used for

9  any purpose or in any other action or proceeding; the identity or contact information

10  of individual Class Members received by Class Counsel pursuant to this paragraph,

11  however, is not subject to this provision.

12    84.    <u>Non-Disclosure</u>.  Class Representatives and Class Counsel agree not to

13  disclose the terms of this Settlement except in court papers or if required by legal

14  process.  Neither Class Representatives nor Class Counsel, directly or indirectly,

15  shall issue a press release, hold a press conference, publish information about the

16  settlement on any website (other than used by the claims administrator for claims

17  administration purposes), or otherwise publicize the settlement, except that once the

18  Court has granted Preliminary Approval of the Settlement, Class Counsel may add

19  language to their law firm website indicating only that the case has been settled, and

20  linking to a copy of the claim form.  The Settlement terms, including any

21  description thereof, shall not appear on Class Counsel's website.  Class

22  Representatives and Class Counsel agree not to respond to any press inquiries

23  concerning the Settlement except to refer reporters to the papers filed with the

24  District Court.

25    85.    <u>Uncashed Settlement Checks</u>.  Settlement checks sent to Qualified

26  Claimants but uncashed shall be distributed to the Controller of the State of

27  California to be held and disposed of pursuant to the California Unclaimed Property

28  Law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

24

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 27 of 50   Page ID
#:344
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 28 of 40

86.  <u>Returns and/or Destruction of Confidential Settlement Materials</u>.
Class Representatives and Class Counsel agree to return and/or destroy all
documents produced to them for settlement purposes in this Action pursuant to the
confidentiality agreement executed by the Parties.  If Class Representatives and
Class Counsel elect to destroy said documents, they shall timely provide an
affidavit of destruction to GameStop.

87.  <u>Cooperation</u>.  The Parties agree to cooperate fully with one another to
accomplish and implement the terms of this Settlement.  Such cooperation shall
include, but not be limited to, execution of such other documents and the taking of
such other action as may reasonably be necessary to fulfill the terms of this
Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use
their best efforts, including all efforts contemplated by this Stipulation of
Settlement and any other efforts that may become necessary by Court order, or
otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.

88.  <u>No Impact on Benefit Plans.</u>  Neither the Settlement nor any amounts
paid under the Settlement will modify any previously credited hours or service
under any employee benefit plan, policy, or bonus program sponsored by Settling
Defendants.  Such amounts will not form the basis for additional contributions to,
benefits under, or any other monetary entitlement under Settling Defendants
sponsored benefit plans, policies, or bonus programs.  The payments made under
the terms of this Stipulation shall not be applied retroactively, currently, or on a
going forward basis, as salary, earnings, wages, or any other form of compensation
for the purposes of any Settling Defendants' benefit plan, policy, or bonus program.
Settling Defendants retain the right to modify the language of its benefit plans,
policies and bonus programs to effect this intent, and to make clear that any
amounts paid pursuant to this Settlement are not for "hours worked," "hours paid,"
"hours of service," or any similar measuring term as defined by applicable plans,
policies and bonus programs for purposes of eligibility, vesting, benefit accrual, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                                          25                    JOINT STIPULATION OF SETTLEMENT
                                                                                      AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 28 of 50   Page ID
#:345
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 29 of 40

1 | any other purpose, and that additional contributions or benefits are not required by

2 | this Stipulation of Settlement.

3 |      89.    <u>Class Action Fairness Act</u>.  Within the time required by law after the

4 | filing of this Stipulation with the Court for preliminary approval, Defendant shall

5 | serve upon the appropriate state official of each state in which a Class Member

6 | resides and the appropriate federal official, a notice of the proposed settlement

7 | consisting of the documents and information required by 28 U.S.C. section 1715(b)

8 | consisting of:  (a) a copy of the complaint and any materials filed with the

9 | complaint and any amended complaints; (b) notice of any scheduled judicial

10 | hearing in the class action; (c) the proposed notification to Class Members of

11 | exclusion rights and the proposed settlement; (d) the proposed class action

12 | settlement; (e) any settlement or other agreement contemporaneously made between

13 | the Parties' attorneys; (f) any final judgment or notice of dismissal; (g) the names of

14 | class members who reside in each state and the estimated proportionate share of the

15 | claims of such members to the entire settlement to that state's appropriate official

16 | (if feasible), or a reasonable estimate of the number of class members residing in

17 | each state and the estimated proportionate share of the claims of such members to

18 | the entire settlement; and (h) any written judicial opinion relating to the materials

19 | described in items (a) through (h).  If there any state or federal officials and/or

20 | agencies make any objection to the Settlement, no payments of any kind shall be

21 | made under this Settlement until such objections have been resolved and the time to

22 | appeal any resolution has expired.

23 |      90.    <u>Notices</u>.  Unless otherwise specifically provided herein, all notices,

24 | demands, or other communications given hereunder shall be in writing and shall be

25 | deemed to have been duly given as of the third business day after mailing by United

26 | States certified mail, return receipt requested, addressed as follows

27 |         To the Plaintiff Class:

28 |         Matthew C. Helland

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

26

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 29 of 50   Page ID
#:346
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 30 of 40

1   Nichols Kaster, LLP
One Embarcadero Center, Suite 720
2   San Francisco, CA  94111

3   To the Defendants:

4   Carrie A. Gonell, Esq.
Morgan, Lewis & Bockius LLP
5   5 Park Plaza, Suite 1750
Irvine, CA 92614
6

7   91.   Modification.  This Stipulation may not be changed, altered, or

8   modified, except in writing signed by the Parties hereto and approved by the Court.

9   This Stipulation may not be discharged except by performance in accordance with

10   its terms or by a writing used by the Parties hereto.  This Stipulation shall be

11   binding upon and inure to the benefit of the Parties hereto and their respective heirs,

12   trustees, executors, administrators, successors, and assigns.

13   9.   Governing Law.  The rights and obligations of the parties hereunder

14   shall be construed and enforced in accordance with, and shall be governed by, the

15   laws of the State of California, without regard to principles of conflict of laws.

16   10.   Severability.  If any provision of this Stipulation of Settlement or the

17   application thereof is held invalid, such invalidation shall not affect other

18   provisions or applications of this Stipulation of Settlement and to this end the

19   provisions of this Stipulation of Settlement are declared to be severable.

20   92.   Counterparts.  Because the proposed Class has not yet been certified,

21   and the members of the proposed Class are so numerous, the Parties agree that it is

22   impossible or impractical to have each Class Member sign this Stipulation.  It is

23   agreed that, for purposes of seeking Court approval of the Settlement, this

24   Stipulation of Settlement may be executed on behalf of the proposed Class by Class

25   Counsel.  This Stipulation shall become effective upon its execution by all of the

26   undersigned.  The Settling Parties may execute this Stipulation in any number of

27   counterparts, and a facsimile signature shall have the same force and effect as an

28   original.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                         27        JOINT STIPULATION OF SETTLEMENT
                                                AND RELEASE

IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly authorized attorneys, as of the day and year herein set forth.

DATED: 5·10·10 , 2010

Brett McHoney, Plaintiff

DATED: _____, 2010

Jordan Mayer, Plaintiff

NICHOLS KASTER, LLP

DATED: _____, 2010

By: _____
Matthew C. Helland
Attorneys for Plaintiffs and the
Proposed Class

DATED: _____, 2010

GAMESTOP CORP.

By: _____
Its: _____

DATED: _____, 2010

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Carrie A. Gonell
Attorneys for Defendants
GAMESTOP CORP. and
GAMESTOP, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE

1    IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the

2    Parties and their duly authorized attorneys, as of the day and year herein set forth.

3

4

5    DATED: _____, 2010        _____
                                        Brett McHorney, Plaintiff

6

7

8    DATED: 5/10, 2010                 _____
                                        Jordan Mayer, Plaintiff

9

10                                     NICHOLS KASTER, LLP

11

12   DATED: _____, 2010        By:_____
                                          Matthew C. Helland
13                                        Attorneys for Plaintiffs and the
                                          Proposed Class
14

15

16   DATED: _____, 2010        GAMESTOP CORP.

17

18                                     By:_____

19                                     Its:_____

20

21   DATED: _____, 2010        MORGAN, LEWIS & BOCKIUS LLP

22

23                                     By:_____
                                          Carrie A. Gonell
24                                        Attorneys for Defendants
                                          GAMESTOP CORP. and
25                                        GAMESTOP, INC.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Case 2:09-cv-02879-GHK-MAN   Document 51-1   Filed 09/17/10   Page 32 of 50   Page ID
#:849
Case 2:09-cv-02879-GHK-MAN   Document 44-4   Filed 05/10/10   Page 33 of 40

1    IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the

2    Parties and their duly authorized attorneys, as of the day and year herein set forth.

3

4

5    DATED: _____, 2010        _____
                                          Brett McHorney, Plaintiff
6

7

8    DATED: _____, 2010        _____
                                          Jordan Mayer, Plaintiff
9

10                                        NICHOLS KASTER, LLP

11

12   DATED: _____, 2010        By:_____
                                          Matthew C. Helland
13                                        Attorneys for Plaintiffs and the
                                          Proposed Class
14

15   DATED: May 10      , 2010           GAMESTOP CORP.

16

17

18                                        By: _____

19                                        Its: VP and Associate General Counsel

20

21   DATED: May 10      , 2010           MORGAN, LEWIS & BOCKIUS LLP

22

23                                        By: _____
                                          Carrie A. Gonell
24                                        Attorneys for Defendants
                                          GAMESTOP CORP. and
25                                        GAMESTOP, INC.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21599191                    28           JOINT STIPULATION OF SETTLEMENT
                                                      AND RELEASE

1   MORGAN, LEWIS & BOCKIUS LLP
2   CARRIE A. GONELL, State Bar No. 257163
    cgonell@morganlewis.com
3   JOHN D. HAYASHI, State Bar No. 211077
    jhayashi@morganlewis.com
4   5 Park Plaza, Suite 1750
    Irvine, CA  92614
5   Tel:  949.399.7000
    Fax:  949.399.7001
6
7   Attorneys for Defendants
    GAMESTOP CORP. and GAMESTOP, INC.
8
    (PLAINTIFFS' COUNSEL ON NEXT PAGE)
9

10                  UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12   BRETT MCHORNEY and JORDAN          Case No. CV 09-02879 GHK (MANx)
     MAYER, individually, on behalf of
13   others similarly situated, and on behalf   **ADDENDUM TO JOINT**
     of the general public,               **STIPULATION OF SETTLEMENT**
14                                        **AND RELEASE**
                     Plaintiffs ,
15
               vs.
16
     GAMESTOP CORP., GAMESTOP,
17   INC., and DOES 1-10 inclusive,

18                   Defendants.

19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2

1    Nichols Kaster, LLP
     Matthew C. Helland
2    helland@nka.com
     One Embarcadero Center, Suite 720
3    San Francisco, CA  94111
     Tel:  415.277.7235
4    Fax: 415.277.7238

5    Nichols Kaster, LLP
     E. Michelle Drake, Esq. (admitted *pro hac vice*)
6    drake@nka.com
     Paul J. Lukas, Esq. (admitted *pro hac vice*)
7    lukas@nka.com
     4600 IDS Center, 80th South Street
8    Minneapolis, NJ  55402
     Tel:  612.256.3200

9

10   Ervin Cohen & Jessup LLP
     Eric W. Cheung
11   echeung@ecjlaw.com
     9401 Wilshire Boulevard 9th Floor
12   Beverly Hills , CA 90212
     Tel.: 310-281-6392
13   Fax: 310-887-6874

14   Attorneys for Plaintiffs
     BRETT MCHORNEY and JORDAN
15   MAYER, individually, on behalf of
     others similarly situated, and on behalf
16   of the general public

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/21816894.2

2

ADDENDUM TO JOINT STIPULATION OF
SETTLEMENT AND RELEASE

1     This Addendum to Joint Stipulation of Settlement and Release is entered into

2     between Plaintiffs BRETT MCHORNEY and JORDAN MAYER as individuals

3     and as representatives of the Class ("Plaintiffs") and Defendants GAMESTOP

4     CORP. and GAMESTOP, INC. ("Defendants") (together, the "Parties") by and

5     through their respective counsel of record.

6     Pursuant to Paragraph 91 of the original Joint Stipulation of Settlement and

7     Release, executed by the Parties on May 10, 2010 ("Original Agreement"), the

8     Parties hereby amend and modify the Original Agreement as follows:

9     Page 1, Paragraph 3, shall be deleted in its entirety and replaced with the

10    following Paragraph 3:

11       3.    "Claim Form" shall mean the document attached to the

12    Addendum to Joint Stipulation of Settlement and Release as Exhibit B.

13    "Opt-Out Form" shall mean the document attached to the Addendum to Joint

14    Stipulation of Settlement and Release as Exhibit C.

15

16     Page 1, Paragraph 5, shall be deleted in its entirety and replaced with the

17    following Paragraph 5 and subparagraphs 5.A., 5.B., and 5.C.:

18       5.    "Class" means all persons who are, have been, or will be

19    employed by Defendants and who worked in GameStop or EB Games stores

20    in the State of California between April 24, 2005 and the date of preliminary

21    approval of this settlement agreement, in the position of Store Manager, Store

22    Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead

23    Game Advisor, or Game Advisor, and for whom it was necessary to drive

24    their car for GameStop's benefit in connection with the performance of their

25    duties for GameStop (other than their normal commute to and from work)

26    and who were not reimbursed for all mileage.

27       5.A.   "Tier 1 Subclass" means all persons who are, have been, or will

28    be employed by Defendants and who worked in GameStop or EB Games

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2

1

ADDENDUM TO JOINT STIPULATION OF
SETTLEMENT AND RELEASE

1    stores in the State of California between April 24, 2005 and the date of

2    preliminary approval of this settlement agreement, in the position of Store

3    Manager, Store Manager in Training, Assistant Store Manager, or Senior

4    Game Advisor, and for whom it was necessary to drive their car for

5    GameStop's benefit in connection with the performance of their duties for

6    GameStop (other than their normal commute to and from work) and who

7    were not reimbursed for all mileage.

8        5.B.   "Tier 2 Subclass" means all persons who are, have been, or will

9    be employed by Defendants and who worked in GameStop or EB Games

10   stores in the State of California between April 24, 2005 and the date of

11   preliminary approval of this settlement agreement, in the position of Lead

12   Game Advisor or Game Advisor, and for whom it was necessary to drive

13   their car for GameStop's benefit in connection with the performance of their

14   duties for GameStop (other than their normal commute to and from work)

15   and who were not reimbursed for all mileage.

16       5.C.   Class Members who are members of both the Tier 1 Subclass

17   and Tier 2 Subclass shall be considered members of the Tier 1 Subclass for

18   their entire employment tenure during the Class Period.

19

20   Page 5, paragraph 22, shall be deleted in its entirety and replaced with the

21   following paragraph 22:

22       22.    "Notice of Class Action Settlement" shall mean the document

23   attached to the Addendum to Joint Stipulation of Settlement and Release as

24   Exhibit A.

25

26   Page 5, paragraph 30, shall be deleted in its entirety and replaced with the

27   following Paragraph 30:

28       30.    "Settlement Documents" shall mean the Notice of Class Action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2

2

ADDENDUM TO JOINT STIPULATION OF
SETTLEMENT AND RELEASE

1    Settlement (Exhibit A), the Claim Form (Exhibit B), and the Opt-Out Form

2    (Exhibit C) attached to the Addendum to Joint Stipulation of Settlement and

3    Release.

4

5

6    Page 5, paragraph 32 and 33, shall be deleted in its entirety and replaced with

7    the following Paragraphs 32 and 33:

8          32.    "Tier 1 Distribution Class" shall mean all eligible Class

9    Members in the Tier 1 Subclass.

10          33.    "Tier 2 Distribution Class" shall mean all eligible Class

11    Members in the Tier 2 Subclass.

12

13    Page 12, paragraph 61.C., shall be amended to include the following at the

14    end of the existing paragraph 61.C.:

15          If the Service Enhancements to the Class Representatives are denied or

16    otherwise reduced by the Court, those amounts shall be de distributed to

17    Qualified Claimants on a pro rata basis.

18

19

20    Page 21, paragraph 73, shall be deleted in its entirety and replaced with the

21    following Paragraph 73:

22          73.    Class Notice. The Claims Administrator shall mail the

23    Settlement Documents, consisting of the Court-approved Notice of the Class

24    Action Settlement, in form substantially similar to that attached to the

25    Addendum to Joint Stipulation of Settlement and Release as Exhibit A, a

26    Court-approved Claim Form, in form substantially similar to that attached to

27    the Addendum to Joint Stipulation of Settlement and Release as Exhibit B,

28    and a Court-approved Opt-Out Form, in form substantially similar to that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2

3

ADDENDUM TO JOINT STIPULATION OF
SETTLEMENT AND RELEASE

1   attached to the Addendum to Joint Stipulation of Settlement and Release as

2   Exhibit C, to the Class Members described herein.  In order to differentiate

3   between the three documents, the Claims Administrator shall print the Notice

4   of Class Action Settlement on white colored paper, the Claim Form on

5   yellow colored paper, and the Opt-Out form on blue-colored paper.

6

7   Page 21, paragraph 76, shall be deleted in its entirety and replaced with the

8   following Paragraph 76:

9   76.   Opt-Outs/Requests for Exclusion from the Settlement.  Class

10   Members who wish to "opt-out" of and be excluded from the Settlement must

11   execute and mail the Court-approved Opt-Out Form, in form substantially

12   similar to that attached to the Addendum to Joint Stipulation of Settlement

13   and Release as Exhibit C, to the Claims Administrator within the Claims

14   Period.  Opt-Out Forms that are post-marked after the Claims Period will be

15   rejected, and Class Members submitting untimely Opt-Out Forms, or Opt-

16   Out Forms that have not been properly executed, shall be bound by the

17   Settlement and its releases but will not be considered Qualified Claimants for

18   settlement distribution purposes.

19

20   Page 22, paragraph 80, shall be amended to include the following at the end

21   of the existing paragraph 80:

22   Class Members may appear either in person or through their own

23   attorney at the hearing on Final Approval of the Settlement, but Class

24   Members need not be present in order to have their objections considered by

25   the Court.  Any attorney who intends to represent an individual objecting to

26   the Settlement must file a notice of appearance with the Court and serve

27   counsel for all parties no later than 30 days after the mailing of the Settlement

28   Documents.  All objections or other correspondence must state the name and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2

4

ADDENDUM TO JOINT STIPULATION OF
SETTLEMENT AND RELEASE

number of the case, which is *McHorney et al. v. GameStop et al.*, United States District Court, Central District of California, Case No. 09-CV-2879 GHK (MANx).

Page 27, paragraph 91, shall be deleted in its entirety and replaced with the following Paragraph 91:

91.   <u>Modification</u>. This Stipulation may not be changed, altered, or modified, except in writing signed by counsel to the Parties hereto and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto or their duly authorized legal counsel. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

IN WITNESS WHEREOF, this Addendum to Joint Stipulation of Settlement and Release is executed by the Parties through their duly authorized attorneys, as of the day and year herein set forth.

NICHOLS KASTER, LLP

DATED: _____, 2010        By: _____
                                        Matthew C. Helland
                                        Attorneys for Plaintiffs and the
                                        Proposed Class

DATED: _Sept. 12_, 2010        MORGAN, LEWIS & BOCKIUS LLP

                                    By: _____
                                        Carrie A. Gonell
                                        Attorneys for Defendants
                                        GAMESTOP CORP. and
                                        GAMESTOP, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2                              5              ADDENDUM TO JOINT STIPULATION OF
                                                           SETTLEMENT AND RELEASE

1     number of the case, which is *McHorney et al. v. GameStop et al.*, United

2     States District Court, Central District of California, Case No. 09-CV-2879

3     GHK (MANx).

4

5        Page 27, paragraph 91, shall be deleted in its entirety and replaced with the

6   following Paragraph 91:

7        91.   <u>Modification</u>. This Stipulation may not be changed, altered, or

8    modified, except in writing signed by counsel to the Parties hereto and

9    approved by the Court. This Stipulation may not be discharged except by

10   performance in accordance with its terms or by a writing used by the Parties

11   hereto or their duly authorized legal counsel. This Stipulation shall be

12   binding upon and inure to the benefit of the Parties hereto and their respective

13   heirs, trustees, executors, administrators, successors, and assigns.

14

15        IN WITNESS WHEREOF, this Addendum to Joint Stipulation of Settlement

16   and Release is executed by the Parties through their duly authorized attorneys, as of

17   the day and year herein set forth.

18                         NICHOLS KASTER, LLP

19

20   DATED: Sept. 13, 2010      By:

21                           Matthew C. Helland

22                           Attorneys for Plaintiffs and the
                            Proposed Class

23

24   DATED: _____, 2010      MORGAN, LEWIS & BOCKIUS LLP

25

26                      By:
                          Carrie A. Gonell

27                           Attorneys for Defendants
                          GAMESTOP CORP. and

28                           GAMESTOP, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21816894.2                   5          ADDENDUM TO JOINT STIPULATION OF
                                          SETTLEMENT AND RELEASE

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT MCHORNEY and JORDAN MAYER, individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> GAMESTOP CORP., GAMESTOP, INC., and DOES 1-10 inclusive, <br><br> Defendants. | Case No. CV 09-02879 GHK (MANx) <br><br> **NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

**To:**   All current and former GameStop employees who worked in GameStop or EB Games stores in the State of California between April 24, 2005 and [*date of preliminary approval*] in the position of Store Manager, Store Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, or Game Advisor:

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

### I. INTRODUCTION

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court, Central District of California (the "Court") has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on _____, 2010 at _____ p.m. to determine whether the Settlement should be granted final approval. Records of GameStop show that you were employed by GameStop in the position of Store Manager, Store Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, or Game Advisor in California at some time during the period April 24, 2005 to [*Date of Preliminary Approval*] ("Class Period") and therefore are a class member in this Action ("Class Member") who may be eligible to participate in this Settlement if you were required to drive your car for GameStop's benefit in connection with the performance of your duties for GameStop (other than your normal commute to and from work) and were not reimbursed for all mileage. As a Class Member, you may be entitled to money under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to: (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

GameStop encourages employees to carefully read this Class Notice and understand their rights. GameStop will not retaliate against any employee who submits a Claim Form in connection with this Settlement.

### II. SUMMARY OF THE ACTION

Plaintiffs Brett McHorney and Jordan Mayer ("Plaintiffs") contend that GameStop failed to indemnify or reimburse them and putative class members for necessary business expenditures incurred in direct consequence of the discharge of their job duties pursuant to California Labor Code § 2802. Plaintiffs allege that GameStop required them and other putative class members to drive their own vehicles to the bank, to other GameStop stores, or to offsite meetings, without timely reimbursing them for these expenses. Plaintiffs also allege that GameStop did not furnish accurate itemized wage statements pursuant to California Labor Code § 226 and that these practices constituted violations of California Business and Professions Code §§ 17200 *et seq.* Plaintiffs sought to maintain a class action for their claims on behalf themselves and all persons who are, have been, or will be employed by Defendants and who worked in GameStop or EB Games stores in Covered Positions in the State of California for the period four years prior to the filing date of their complaint.

GameStop denies any liability or wrongdoing of any kind in connection with Plaintiffs' claims, and contends it has had, during all relevant times, a policy providing for the reimbursement of the business expenses alleged in the Action, and that

employees who sought reimbursement have been reimbursed pursuant to that policy. Furthermore, GameStop contends that it provides and has provided itemized wage statements that comply with California law, and appropriately indemnified employees for all necessary and reasonable business expenses.

The Court has not ruled on the merits of Plaintiffs' claims.

On [*Date of Preliminary Approval*], the Court preliminarily approved Plaintiffs Brett McHorney and Jordan Mayer to serve as Class Representatives, and the law firm of Nichols Kaster LLP to serve as Class Counsel. The Court also granted preliminary approval of the Settlement on behalf of a settlement class defined as all persons who are, have been, or will be employed by Defendants and who worked in GameStop or EB Games stores in the State of California between April 24, 2005 and [*the date of preliminary approval*], in the position of Store Manager, Store Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, or Game Advisor, and for whom it was necessary to drive their car for GameStop's benefit in connection with the performance of their duties for GameStop (other than their normal commute to and from work) and who were not reimbursed for all mileage.

The Court also granted preliminary approval of two subclasses in order to determine a Class Member's potential share of the settlement. The "Tier 1 Subclass" includes all persons who are, have been, or will be employed by Defendants and who worked in GameStop or EB Games stores in the State of California between April 24, 2005 and [*the date of preliminary approval*], in the position of Store Manager, Store Manager in Training, Assistant Store Manager, or Senior Game Advisor, and for whom it was necessary to drive their car for GameStop's benefit in connection with the performance of their duties for GameStop (other than their normal commute to and from work) and who were not reimbursed for all mileage.

The "Tier 2 Subclass" includes all persons who are, have been, or will be employed by Defendants and who worked in GameStop or EB Games stores in the State of California between April 24, 2005 and [*the date of preliminary approval*], in the position of Lead Game Advisor or Game Advisor, and for whom it was necessary to drive their car for GameStop's benefit in connection with the performance of their duties for GameStop (other than their normal commute to and from work) and who were not reimbursed for all mileage. Class Members who are members of both the Tier 1 Subclass and Tier 2 Subclass will be considered members of the Tier 1 Subclass for their entire employment tenure during the Class Period.

The Court also scheduled a Final Approval Hearing on the Settlement at _____ a.m. on _____, 2010, in Courtroom 650, United States District Court, Central District of California, Edward R. Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California 90012, at which time the Court will decide whether to grant final approval of the Settlement.

## III.  SUMMARY OF SETTLEMENT TERMS

<u>Settlement Amount.</u> GameStop has agreed to pay up to a maximum of Six Hundred Seventy-Five Thousand U.S. Dollars ($675,000.00) (the "Maximum Settlement Amount") to fully resolve the claims in the Action. This Maximum Settlement Amount includes claims administration costs, attorneys' fees, litigation expenses, a payment to the California Labor and Workforce Development Agency ("LWDA"), and service enhancements to the Class Representatives as outlined below.

<u>Claims Administration and Other Payments.</u> The Court has tentatively approved certain payment to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- <u>Claims Administration.</u> Payment to the Claims Administrator, not to exceed $50,000, for the expense of notifying the Class Members of the Settlement and processing claims and opt-outs submitted by Class Members. Should claims administration costs exceed $50,000, then any amount over $50,000 (the "Overage") shall be paid from the Maximum Settlement Amount as follows: (a) 50% of the Overage will be paid by Class Counsel as costs in the suit; and (b) the remaining 50% of the Overage shall be paid from the difference between the Minimum Settlement Amount and the Maximum Settlement Amount as those terms are defined in the Joint Stipulation of Settlement on file with the Court.

- <u>Attorneys' Fees and Expenses.</u> Payment to Court-approved Class Counsel of reasonable attorney fees not to exceed $122,000 plus an additional 25% of any amount paid to Qualified Claimants above the Minimum Payment as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for costs and expenses actually incurred in connection with the Action in an amount not to exceed $16,000. Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- **Service Enhancements to Plaintiffs Brett McHorney and Jordan Mayer.** A Service Enhancement not to exceed $4,000 to Plaintiff McHorney and $4,000 to Plaintiff Mayer to compensate them for their special services on behalf of the Class in initiating and prosecuting the action. This payment is in addition to whatever payments Plaintiffs are otherwise entitled to as Class Members.

- **Payment to LWDA.** A payment of $10,000 will be made to the LWDA for LWDA's portion of the Settlement allocated to civil penalties under the Labor Code Private Attorneys General Act, Lab. Code §§ 2698 *et seq.*

**Calculation of Class Member Awards.** Pro rata settlement payments to Class Members will be calculated based on each Class Member's relative percentage of eligible employee service time in a Tier 1 or Tier 2 position based on GameStop's internal records. After deducting for attorney's fees, litigation costs, service enhancements, payment to the LWDA, and claims administration fees, the remainder of the Maximum Settlement Amount will be allocated to Class Members as follows:

a. Tier 1: 94% ($440,860) is available for distribution to the Tier 1 Subclass. The Tier 1 positions generally include employees who may have made bank drops, hand carries, or attended off-site meetings. The Tier 1 payout is subject to a 57.5% minimum payout ($253,494.50).

b. Tier 2: 6% ($28,140) will be distributed to the Tier 2 subclass. Tier 2 positions include employees who generally did not make bank drops, hand carries, or attend off-site meetings. The entirety of the Tier 2 payment will be paid out.

c. Class Members who held both a Tier 1 position and a Tier 2 position will be considered a member of the Tier 1 Subclass for the entirety of their employment tenure during the Class Period.

d. The Minimum Payment to the Tier 1 Subclass, the payment to the Tier 2 Subclass, Class Counsel's attorneys' fees and costs, claims administration costs, PAGA payments to the LWDA, and the Class Representatives' Service Enhancements, comprise the "Minimum Settlement Amount." GameStop will not be required to pay any unclaimed amounts above the Minimum Settlement Amount.

**Payments to Class Members.** Only Class Members who have properly and timely filed a completed Claim Form postmarked by _____, and who did not opt out of the settlement as provided for below will be considered "Qualified Claimants" who are entitled to receive a payment pursuant to the Settlement. If the conditions of the Settlement (as described in this Notice) are met, and if the Court grants final approval of the Settlement, then settlement checks will be mailed to Class Members who submit timely and valid Claim Forms.

**Tax Matters.** Settlement payments to Qualified Claimants shall be treated as payments for expense reimbursements, penalties, and interest. Qualified Claimants shall be exclusively liable for any and all tax liability, if any. Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

**Releases.** Upon Final Approval of the Settlement, each Qualified Claimant and each member of the Class who has not opted out of the settlement shall be deemed to have fully, finally, and forever released Settling Defendants and their past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors and/or assigns from all Class Member Released Claims through the date of Preliminary Approval. Class Member Released Claims include any and all claims against Settling Defendants, as defined herein, in any way related to indemnity or reimbursement of expenses, including but not limited to all claims alleged in the Complaint and all such claims that were or could have been asserted in the instant action by Class Members who do not opt-out of the settlement, including but not limited to claims under California Labor Code § 2802, and derivative claims under California Labor Code § 226, the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 et seq., and California Business & Professions Code §§ 17200 et seq. All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out.

**Conditions of Settlement.** This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

## IV. CLAIMING MONEY FROM THE SETTLEMENT

Only Class Members who were required to drive their car for GameStop's benefit in connection with the performance of their duties for GameStop (other than their normal commute to and from work) and were not reimbursed for all mileage may participate in this Settlement. You do not have to have previously requested reimbursement from GameStop to be eligible to make a claim in connection with this Settlement. You may make a claim provided that it was necessary for you to drive your car for GameStop's benefit in connection with the performance of your duties (other than your commute to and from work), and that you were not reimbursed for your mileage. If you were reimbursed for some, but not all, of your expenses, you are eligible to make a claim.

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Claim Form (yellow form) and mail the completed form **postmarked by no later than** _____ to the Claims Administrator at the following address:

McHorney v. GameStop Claims Administration Center
Claims Administrator Name
Address
Phone Number

**Claim Forms postmarked after** _____**, 2010 will be denied**. If you wish to have confirmation that the Claims Administrator has received your Claim Form, please send your Claim Form to the Claims Administrator by certified U.S. Mail with a return receipt request.

The Claim Form lists the dates you worked in a covered position during the Class Period. If you believe the data listed on the Claim Form is incorrect, you may submit a challenge in writing to the Claims Administrator. You must also send the Claims Administrator any documents or other information that supports your challenge to the information on the Claim Form. The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data. All such challenges must be received within the 60-day Claims Period in which Class Members must submit claims.

Class Members who do not submit a Claim Form or who file Claim Forms after the _____, 2010 deadline **will not receive any money from the Settlement. Class members who do not submit a timely Claim Form will still be bound by the Releases in the manner described above, unless they opt out pursuant to the provisions below.**

## V.   RIGHT TO OPT-OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will receive <u>no</u> money from the Settlement, and you will not be bound by its terms.** To opt out, you must sign and date the enclosed Opt-Out Form (blue form) and mail the completed form **postmarked by no later than** _____, **2010** to the Claims Administrator at the address listed in section IV. Opt-Out Forms that are post-marked after that date will be rejected, and Class Members submitting untimely Opt-Out Forms will be bound by the Settlement and its releases but will not be considered Qualified Claimants and will not receive settlement payments.

## VI.   RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement. Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before _____, 2010. At the same time, copies of objections must also be mailed or delivered to Class Counsel and counsel for GameStop at the following addresses:

| Class Counsel: | Counsel for GameStop: |
|---|---|
| Matthew C. Helland<br>Nichols Kaster, LLP<br>One Embarcadero Center, Suite 720<br>San Francisco, CA  94111 | Carrie A. Gonell<br>Morgan, Lewis & Bockius LLP<br>5 Park Plaza, Suite 1750<br>Irvine, CA 92614 |

Objections will be considered at the Final Approval Hearing scheduled for _____, 2010 at _____.m., in Courtroom 650, United States District Court, Central District of California, Edward R. Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California 90012. You need not be present in court to have your objection considered. You have the right to appear either in person or through your own attorney at this hearing. Objections not previously filed in writing in a timely manner as described above will not be considered by the Court. Any attorney who intends to represent

an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties on or before _____, 2010. All objections or other correspondence must state the name and number of the case, which is *McHorney et al. v. GameStop et al.*, United States District Court, Central District of California, Case No. 09-CV-2879 GHK (MANx). If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at _____ .m. on _____, 2010 in Courtroom 650, United States District Court, Central District of California, Edward R. Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012. The Hearing may be continued without further notice. **You are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## VIII.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims Administrator at ###-###-#### with any concerns or questions regarding the Settlement. You may also refer to the pleadings, the Stipulation of Settlement, and other papers filed in the Action, which may be inspected t the Office of the Clerk for the United States District Court, Central District of California, Edward R. Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012 during regular business hours of each court day.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

# EXHIBIT B

*McHorney v. GameStop*
United States District Court, Central District of California, Case No. 09-CV-2879 GHK (MANx)

### CLAIM FORM

| Claim #: <br> Name <br> c/o <br> Address <br> City, State, Zip <br> (          ) <br> Area Code   Home Telephone Number | Name/Address Changes, if any |
|---|---|

YOUR ESTIMATED SHARE OF THE SETTLEMENT IS $_____.  Only individuals for whom it was necessary to drive their car for GameStop's benefit in connection with the performance of their duties for GameStop (other than their normal commute to and from work) and were not reimbursed for all mileage may participate in this Settlement.  Your actual share may vary depending on the number of individuals who submit Claim Forms.

*To receive your portion of the settlement funds, you must complete all requested information, sign, date and return this form, postmarked no later than _____, 2010, addressed to:*

McHorney v. GameStop Claims Administration Center
<<Claims Administrator>>
<<Address>>
<<Phone>>

**IF YOU DO NOT RETURN THIS FORM POSTMARKED BY _____, 2010, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS.**

Shares of the settlement are allocated based on a Class Member's dates of employment with GameStop in a Covered Position in California during the Class Period (April 24, 2005 to [*Date of Preliminary Approval*]).  The following are Covered Positions: Store Manager, Store Manager in Training, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, and Game Advisor.  The records of GameStop show that, within the Class Period, you worked in a Covered Position in California during the following time period(s):

| | Start | | End |
|---|---|---|---|
| Period 1 | _____ | | _____ |
| Period 2 | _____ | | _____ |

If you believe the data listed above is incorrect, you may submit a challenge in writing to the Claims Administrator.  You must send the Claims Administrator any documents or other information that supports your challenge.  The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data.  All such challenges must be postmarked no later than _____, 2010.  Please keep in mind that only those with tenure in a Covered Position in California at some time during the time period of April 24, 2005 to [*Date of Preliminary Approval*] are eligible to participate in the Settlement.

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

### CERTIFICATION OF ELIGIBILITY

**By signing below, you affirm the following statement:**

**Under penalty of perjury (a criminal offense for making a false statement), I declare that:  It was necessary for me to drive my car for GameStop's benefit in connection with the performance of my duties for GameStop (other than my normal commute to and from work), and I was not reimbursed for all of my mileage.**

Dated: _____, 2010          _____
                                            Signature

# EXHIBIT C

*McHorney v. GameStop*

United States District Court, Central District of California, Case No. 09-CV-2879 GHK (MANx)

**OPT-OUT FORM**

| Claim #:<br>Name<br>c/o<br>Address<br>City, State, Zip<br>(        ) | Name/Address Changes, if any |
|---|---|
| Area Code    Home Telephone Number | |

Please complete this Opt-Out Form <u>only</u> if you do <u>not</u> want to participate in the Settlement that is described in the Notice of Class Action Settlement that accompanies this Form.

I wish to exclude myself from receipt of any of the benefits, terms or conditions of the settlement in the case of *McHorney, et al. v. GameStop, et al.*, United States District Court, Central District of California, Case No. 09-CV-2879 GHK (MANx).  I understand that by returning this Opt-Out Form **I will not receive any money from the Settlement**.  I further understand that I may bring a separate lawsuit at my expense, but that I may receive nothing, or less than I would have received if I had filed a Claim for money pursuant to the Settlement in the present case.

I also understand that in order to be a valid and timely, this Opt-Out Form must be filled out in full, signed and returned to the Claim Administer post-marked no later than _____, 2010 to:

McHorney v. GameStop Claims Administration Center
<<Claims Administrator>>
<<Address>>
<<Phone>>

By signing and returning this Opt-Out Form, I certify that I have carefully read the Notice of Class Action Settlement and that I wish to be excluded from the Settlement and the Class Action described therein.

**SIGNED:**

_____   Dated: _____, 2010

Social Security Number: ☐☐☐ -- ☐☐ -- ☐☐☐☐