NICHOLS KASTER, LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Individual and Representative Plaintiffs

Additional Attorneys on the Following Page

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brett McHorney and Jordan Mayer, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>GameStop Corp., GameStop, Inc., and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV 09-02879 GHK (MAN)<br><br>**DECLARATION OF MATTHEW C. HELLAND IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Honorable George H. King<br>Date:         February 14, 2011<br>Time:         9:30 a.m.<br>Courtroom: 650<br>Judge:        Hon. George H. King |

**DECLARATION OF MATTHEW C. HELLAND**

ERVIN, COHEN & JESSUP LLP
Eric W. Cheung, CA State Bar No. 235008
echeung@ecjlaw.com
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA  90212
Telephone: (310) 281-6392
Facsimile: (310) 887-6874

NICHOLS KASTER, PLLP
Paul J. Lukas, MN State Bar No. #22084X
lukas@nka.com
(admitted pro hac vice)
E.  Michelle Drake, MN State Bar No. #0387366
drake@nka.com
(admitted pro hac vice)
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Attorneys for Individual and Representative Plaintiffs

1. My name is Matthew C. Helland. I am an attorney with the law firm of Nichols Kaster and am counsel of record in this action. I make this declaration based on my own personal knowledge.

2. Brett McHorney and Jordan Mayer provided substantial assistance in prosecuting this case. I met with Mr. McHorney in person prior to filing the case. Both Mr. McHorney and Mr. Mayer reviewed the complaint prior to filing. They promptly returned phone calls from counsel and provided substantial information during the informal discovery and negotiation period. My firm spoke to each of them more than ten times throughout the course of the litigation. McHorney and Mayer are both very knowledgeable regarding Defendants' employment practices and were able to refute some arguments Defendants made during the negotiation process. For example, they provided my firm with information regarding the nature of the job duties, the frequency and length of the trips they made in their personal vehicles, the frequency and length of the trips other employees made in their personal vehicles, and Defendants' reimbursement policies and practices.

3. At several key points in the negotiations leading to this settlement, Defense Counsel raised several potential factual and substantive defenses. These defenses, if unexamined and unchallenged, may have significantly changed our negotiating position. However, upon receiving representations from Defense Counsel about the nature of various policies, we would call McHorney and Mayer to ask for their perspective. Often, McHorney and Mayer provided my firm with information that refined our understandings of Defendants' factual assertions. The information provided by Plaintiffs was critical in settling this case. In my opinion, the quick and reliable access to facts from McHorney and Mayer enhanced my firm's credibility in the negotiations and led to a greater settlement value from Defendants.

4. The Settlement Administrator informed me that they sent out the Class Notice, Claim Form, and Opt-Out form to 23,454 potential class members on

December 1, 2010.  Also, the Settlement Administrator informed me they have been tracing and re-mailing notices which are returned undeliverable.  The Settlement Administrator informed me that on January 7, 2011, they mailed reminder post cards to potential class members who had not responded to the notice.  The Settlement Administrator informed me that, as of January 7, 2011, they had not received any objections.

5. My firm accepted this case on a contingency basis.  There were no assurances we would be paid for our services.  We have litigated this case on a wholly contingent basis, in the face of tremendous risk of loss.  We bore the financial risk of a judgment in Defendants' favor, or a judgment with minimal damages.  My firm has not been compensated for its time, or for any expenses, since this case began.

6. As of January 13, 2011, my firm has expended over 360 hours of time, for a total amount of approximately $119,000.00 in fees.

7. Attached as Exhibit 1 is a true and correct copy of my firms litigation expenses in this case.  The expenses total $13,506.23.  These expenses include my flight to Southern California for the final fairness hearing and my hotel, but they do not include expected meal or taxi costs associated with attending that hearing.

8. The costs in Exhibit 1 do not include my firm's share of any Settlement Administrator overruns.  The Settlement Administrator estimates costs of administration will be approximately $58,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 14, 2011                                s/ Matthew C. Helland
                                                                      Matthew C. Helland

-4-

**DECLARATION OF MATTHEW C. HELLAND**